**UNITED STATES of America ex rel. Hubert John GRIFFIN, Relator-Appellant,**

v.

**Hon. Thomas C. MARTIN, Commissioner of Correction, Onondaga County, Respondent-Appellee.**

**No. 464, Docket 33161.**

United States Court of Appeals Second Circuit.

Argued March 14, 1969.

Decided April 24, 1969.

Paul Taylor, Binghamton, N. Y. (Broome Legal Assistance Corp., Binghamton, N. Y.), for appellant.

Rodney A. Richards, Broome County Atty., Binghamton, N. Y., for appellee.

Before MOORE and FEINBERG, Circuit Judges, and McLEAN,* District Judge.

PER CURIAM:

Hubert John Griffin appeals from an order which denied his petition for a writ of habeas corpus. Griffin was arrested on September 1, 1968, and charged with a violation of an order of the Family Court of Broome County, New York, requiring him to make payments of $25 a week to the Probation Department of the Family Court. After a hearing without a jury, at which he was represented by counsel, Griffin was found guilty of contempt due to his refusal to make these payments, and on September 11, 1968, was sentenced to six months in Onondaga County Penitentiary. An appeal from this judgment was taken to the Appellate Division, Third Department, but this appeal was still pending, undecided, at the time the district court made its determination of Griffin's federal habeas corpus petition. Since that time, according to both counsel before this court, the judgment of conviction has been affirmed by the Appellate Division.

Griffin began State habeas corpus proceedings shortly after his conviction. The writ was denied on September 26, 1968, in the Supreme Court of Onondaga County in a determination unanimously affirmed by the Appellate Division, Fourth Department, on December 5, 1968. (Taylor v. McMann, 31 A.D.2d 721, 297 N.Y.S.2d 519.) A motion for leave to appeal to the New York Court of Appeals was then made and, on January 23, 1969, denied, 23 N.Y.2d 645, 298 N.Y.S.2d 1027, but this motion had not been heard or decided at the time of the determination of the federal habeas corpus proceeding in the district court.

While in the midst of his various State appeals, Griffin filed the instant petition for a writ of habeas corpus in the district court. This petition was denied on the grounds that Griffin had failed to exhaust State remedies, that the Sixth Amendment's trial by jury mandate was not applicable to him, that he had made no showing that he was unable to make the prescribed payments and that there was no constitutional question as to the sufficiency of the evidence. Griffin was released from custody in February, 1969.

■ We affirm the decision of the district court. Although counsel for both sides have agreed that the Appellate Division has affirmed the judgment of Griffin's conviction (this determination, to our knowledge, is as yet unreported), it is uncertain as to whether a motion for leave to appeal from the Appellate Division to the New York Court of Appeals had been made or finally acted upon. It is clear, at least, that no action on the direct appeal had been taken by

* Of the Southern District of New York, sitting by designation.

**1302**

the Appellate Division at the time the habeas corpus petition was before the district court. Furthermore, although Griffin has now finally exhausted his State remedies on the State habeas corpus petition, the Court of Appeals' denial of Griffin's motion for leave to appeal was entered on January 23, 1969—one month after the district court determination. The district court was correct, therefore, upon the papers before it, in dismissing the petition on the ground that Griffin's State remedies had not been exhausted.

If we were to assume that all motions for leave to appeal in all these State court proceedings have finally been decided and that Griffin's State court remedies have at last been exhausted, we would have some doubt as to whether the merits of his petition could now be considered in view of the fact that he has been discharged from custody. It is true that Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1967) held that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." Query whether jurisdiction ever "attached" in the district court in this case when relator began a federal habeas corpus proceeding before he had exhausted his State remedies. *Carafas* would not seem to cover the present case.

■ Considering the merits of this case, we would affirm the district court's denial of the writ. Griffin claims error on the grounds that (1) imprisonment for failure to pay a debt is unconstitutional, apparently because it discriminates against the poor; (2) he was convicted without a jury trial; and (3) there was no proof that his failure to pay was wilful. On the record, none of these arguments has merit. Griffin was

sentenced to jail for contempt, not debt. While we do not quarrel with his contention, citing Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), that the rich and the poor are entitled to equal justice before the law, no attempt has ever been made by Griffin to explain or justify his disobedience, or to show that he was or is financially unable to comply with the $25-a-week order.

■■ Nor was Griffin's constitutional right to a jury trial violated. As stated in the opinion of the district court, "[t]he Sixth Amendment's trial by jury mandate has been made applicable to the states through the Fourteenth Amendment, but its application is limited to those cases 'which—were they to be tried in a Federal Court—would come within the Sixth Amendment's guarantee.' Duncan v. Louisiana, 391 U.S. 145, 149, [88 S.Ct. 1444, 20 L.Ed.2d 491] (1968)." In the federal courts, "any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months" is a "petty offense." 18 U.S.C. § 1. Cheff v. Schackenberg, 384 U.S. 373, 378–380, 86 S.Ct. 1537, 16 L.Ed.2d 629 (1966). Under Section 454(a) of the Family Court Act of New York, a respondent may be sentenced for "a term not to exceed six months" for failure to obey an order of the Family Court. Griffin does not, therefore, have a constitutionally protected right to a jury trial.

■ We further agree with the district court that "[t]he question of the sufficiency of the evidence is a question of state law and does not rise to constitutional dimensions. United States ex rel. Jenkins v. Follette, 257 F.Supp. 533 (S.D.N.Y.1965). See: United States ex rel. Birch v. Fay, 190 F.Supp. 105 (S.D. N.Y.1961); United States ex rel. Sadowy v. Fay, 284 F.2d 426 (2d Cir. 1960)."

Affirmed.