■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN NIETO CAMARA, Appellant.—Appeal by defendant from (1) a judgment of the County Court, Rockland County, rendered June 18, 1974, convicting him of murder (two counts) and conspiracy in the first degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, entered August 1, 1975, which denied his application for a new trial based on newly discovered evidence. Permission to appeal from the order is hereby granted by Mr. Justice Martuscello. Judgment and order affirmed *(People v Crimmins,* 36 NY2d 230). Martuscello, Acting P. J., Latham, Brennan and Shapiro, JJ., concur; Margett, J., concurs in the affirmance of the order, but otherwise dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: The comments made by the prosecutor during summation were so prejudicial as to deprive defendant of a fair trial. Among other things, the prosecutor improperly speculated upon facts not in evidence, characterized defendants as proven killers, personally vouched for the honesty of several prosecution witnesses, and commented on the weight of the evidence, particularly that the jury should not be bothered by the doctrine of reasonable doubt. Such behavior mandates a new trial *(People v Crimmins,* 36 NY2d 230).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR JEROME CLARK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 7, 1975, convicting him of murder, robbery in the first degree and possession of weapons and dangerous instruments and appliances, as a felony, and imposing sentence. Judgment affirmed. Robbery in the first degree as charged in the fourth count of the indictment was a lesser included offense of the felony murder charge in the second count thereof. Similarly, grand larceny in the third degree (count six) was a lesser included offense of the robbery charged in the third count of the indictment. The trial court correctly submitted to the jury the greater and the lesser counts in the alternative, thereby allowing a conviction on only one count, or an acquittal (see *People v Williams,* 47 AD2d 262). The verdict acquitting defendant of the lesser included counts was in accord with the charge, with the law and with the evidence. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.