■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE A. ARCE, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered June 18, 1974, convicting him of murder (two counts) and conspiracy in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Hopkins, Acting P. J., Martuscello, Cohalan and Rabin, JJ., concur; Margett, J., votes to reverse the judgment and order a new trial, with the following memorandum: In my view, the comments made by the prosecutor during summation went beyond permissible bounds when he improperly speculated upon facts not in evidence; characterized the defendants as "proven cold-blooded killers"; and personally vouched for the honesty of several prosecution witnesses (see *People v Figueroa,* 38 AD2d 595; *People v Hickman,* 34 AD2d 831). I am particularly disturbed by his admonition to the jury that it should not be bothered by the doctrine of reasonable doubt. "Not only the individual defendant but the public at large is entitled to assurance that there shall be full observance and enforcement of the cardinal right of a defendant to a

fair trial * * * So, if in any instance, an appellate court concludes that there has been such error of a trial court, such misconduct of a prosecutor, such inadequacy of defense counsel, or such other wrong as to have operated to deny any individual defendant his fundamental right to a fair trial, the reviewing court must reverse the conviction and grant a new trial, quite without regard to any evaluation as to whether the errors contributed to the defendant's conviction" *(People v Crimmins,* 36 NY2d 230, 238). The impropriety of the prosecutor's comments so prejudiced the defendant as to deprive him of his fundamental right to a fair trial (see my dissenting memorandum in *People v Camara,* 50 AD2d 932). Consequently, the judgment of conviction should be reversed in the interest of justice, and a new trial ordered.