Edward **MALLEY, Jr.,**
**Petitioner-Appellee,**

v.

John **MANSON, Commissioner of Corrections, Respondent-Appellant.**

**No. 346, Docket 76–2072.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 28, 1976.

Decided Dec. 20, 1976.

Certiorari Denied March 7, 1977.
See 97 S.Ct. 1335.

Bradford J. Ward, Asst. State's Atty., Waterbury, Conn. (Francis M. McDonald, State's Atty., Walter H. Scanlon, Asst. State's Atty., Judicial District of Waterbury, Waterbury, Conn., of counsel), for respondent-appellant.

Thomas D. Clifford, Hartford, Conn. (Peter W. Benner, Hartford, Conn., of counsel), for petitioner-appellee.

Before LUMBARD and VAN GRAAFEILAND, Circuit Judges, and BONSAL, District Judge.[*]

BONSAL, District Judge:

The Commissioner of Corrections of the State of Connecticut appeals from an order of the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, *Judge,* granting petition for a writ of habeas corpus unless the State elects to vacate petitioner's conviction and re-try him within sixty (60) days. For the reasons

stated below, we reverse the order of the District Court.

### Factual Background

Petitioner, Edward Malley, Jr., was charged in a three count information with possession and hand-to-hand sale of a controlled substance (LSD) in violation of §§ 19–480(b) and 19–481(b) of the Connecticut General Statutes. After entering a plea of not guilty, petitioner was tried to a jury and convicted of one count of possession of LSD and one count of selling LSD. The Court directed a verdict of not guilty on the second sale count.

An appeal was taken to the Supreme Court of the State of Connecticut on several grounds, one of which was that the prosecutor had made improper remarks in his summation to the jury.

The Connecticut Supreme Court affirmed the conviction holding that the alleged errors were not urged at the trial so that appropriate rulings could have been made or corrective instructions given, and that under the provisions of § 652 of the Connecticut Practice Book[1] petitioner had waived any error. *State v. Malley,* 167 Conn. 379, 355 A.2d 292 (1974).

A petition to the District Court of Connecticut for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, followed. The District Court granted the petition holding that repeated improprieties in the prosecutor's summation, including an implication that the petitioner had made other unproven drug sales, an attempt to inflame the jury regarding the nature of the crime charged and an unfounded assertion that undercover agents had blown their cover in testifying at the trial, had combined to deny the petitioner a fair trial in violation of the due process clause of the Fourteenth Amendment.

---

[*] of the Southern District of New York, sitting by designation.

1. CONNECTICUT PRACTICE BOOK
   Sec. 652  *Errors considered*
   This court shall not be bound to consider any errors on an appeal unless they are specifically assigned or claimed and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that it arose subsequent to the trial.

## The State Court Trial

The State's case consisted mainly of the testimony of two undercover agents who testified that they had been approached by the petitioner in Waterbury, Connecticut on August 21, 1970 and that the petitioner offered to sell 7 LSD tablets for $25.00. They testified that shortly thereafter the sale was consummated and that the substance upon examination was determined to be LSD.

Petitioner denied the charges and testified that he did not meet with the agents. Petitioner called employees of a stereo store and an insurance agency who testified that petitioner was present in one or the other of their places of business at the time of the alleged meetings with the agents. After approximately 12 hours of deliberations, the jury returned a verdict of guilty on the first two counts of the information.

## The State Court Appeal

On appeal to the Connecticut Supreme Court, petitioner for the first time raised the issue of prejudice in the prosecutor's rebuttal summation. Petitioner asserted that the prosecutor told the jury (1) that the two undercover agents had permanently blown their cover by testifying at trial; (2) that the drug business "is designed to destroy the youth of our country [and] is carried on by men like Mr. Malley who sell indiscriminately. . . ."; and (3) that they could help stamp out the drug problem by convicting the defendant. Defense counsel made no objection at the time. The Connecticut Supreme Court held that the failure to object was dispositive and that the alleged prosecutorial misconduct had not "deprived [him] of a fundamental constitutional right and a fair trial." *State v. Malley, supra* at 297.

## District Court Proceedings

In granting the writ of habeas corpus, the District Court held, 414 F.Supp. 1115, that the questions asked by the prosecutor during the trial and the statements made by the prosecutor in his rebuttal summation transcended the bounds of propriety in that (1) the prosecutor tried to link the petitioner to a plot to sell drugs to minors and implied that petitioner participated in previous drug sales when there was no supporting factual basis for such implications; (2) the prosecutor raised the whole spectre of the "drug scene" and associated the petitioner with this unpopular and feared group and then invited the jury to convict him to display their feelings toward the group; and (3) the prosecutor placed "an unfair burden upon [defendant's] right to confront the witnesses against him" when he argued to the jury that the State had sacrificed the cover of the two undercover agents in the prosecution of this case. The Court also held that the petitioner had not deliberately by-passed his right to object to the prosecutor's conduct since there was no intentional relinquishment or abandonment of a known right or privilege. *See Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

Specifically, the District Court held:
"The prejudicial effect of linking a defendant to a plot to sell drugs to minors is self-evident. . . . In this case . . . the prosecutor went even further, stating that: 'What you have seen here is the sale of seven little tiny pills. . . . That is a commercial business and it is designed to destroy the youth of our country and it is doing so. And it is carried on by men like Mr. Malley who sell indiscriminately. . . .'"

The District Court thought that the prosecutor had further prejudiced the defendant's right to a fair trial "by implying that he [petitioner] had participated in previous sales of drugs, but had escaped punishment. . . .", and that "'something went wrong with Mr. Malley this time because these men [the agents] came into court and testified before you ladies and gentlemen of the jury. . . .'"

The District Court focused on the prosecutor's description of the drug scene and stated:
"While he told the jury that that was not 'the drug scene' as it had been por-

trayed to them, he described the drug scene as they had seen it as a commercial business 'designed to destroy the youth of our country.' He then stated that two of the 'few people' who were fighting against the drug scene (lumping the two 'scenes' together) had been 'lost' due to the trial. He finally invited the jury to return a verdict which reflected their concern with 'the problem in our society caused by drugs.' The obvious purpose of these remarks was to tell the jury that they could in some way strike out at 'the drug scene' or stamp out 'the drug problem' by convicting the petitioner."

The District Court held that the prosecutor's conduct violated the standards adopted by the American Bar Association Project on Standards for Criminal Justice[2] and was sufficient to justify the granting of the writ. *United States ex rel. Haynes v. McKendrick,* 481 F.2d 152 (2d Cir. 1973).

### Discussion

■ We think the District Court was correct in holding that the petitioner was not precluded from asserting his constitutional claim on federal habeas by his failure to make contemporaneous objection at trial. Under Connecticut law, as enunciated and applied by the Connecticut Supreme Court on petitioner's appeal, a defendant may raise a claim for the first time on appeal if it involves his constitutional right to a fair trial. Connecticut Practice Book § 652; *see Warden v. Hayden,* 387 U.S. 294, 297 n.3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Fay v. Noia, supra*; *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

■ We disagree, however, with Judge Blumenfeld's conclusion that the prosecutor's statements deprived petitioner of a fair trial. In this Court, the review of states' attorneys' conduct is limited to due process and does not involve the Court's

supervisory powers. *Donnelly v. De Christoforo,* 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 43 (1974). Simply stated, the due process test is whether the prosecutor's remarks were so prejudicial as to deprive the defendant of a fair trial, *United States ex rel. Castillo v. Fay,* 350 F.2d 400, 401 (2d Cir. 1965), *cert. denied,* 382 U.S. 1019, 86 S.Ct. 637, 15 L.Ed.2d 533 (1966). The absence of contemporaneous objections or requests for cautionary instructions are factors to be taken into consideration.

■ Here, the general comments about the drug problem did not exceed the prosecutor's prerogative to impress upon the jury the seriousness of the offenses charged. The characterization of the defendant as a man who sold drugs "indiscriminately" was not "without any evidentiary support." The evidence that Malley was willing to initiate a drug transaction with complete strangers on a public street could reasonably lead to the inference that he sold drugs to many others as well. Somewhat more troubling are the prosecutor's repeated assertions that the State had considered the case important enough to "sacrifice" the future ability of its two undercover agents to operate by "blowing their cover" and having them testify at trial. However, any narcotics agent testifying at a trial necessarily discloses his identity and, in a small community such as the one here, such disclosure may well compromise the future usefulness of that agent to that community. It does not follow that the reference to this was unduly prejudicial and, on the facts of this case, we do not think it was.

Petitioner's defense at the trial was that he had never seen either of the two undercover agents prior to the trial, that he had never offered to sell them LSD, that he had never used narcotics, and that all he knew about LSD is what he read about it and saw on television. Petitioner and his counsel

---

2. The American Bar Association Standards for Criminal Justice, The Prosecution Function, provides in part:

"5.8(c) The prosecutor should not use arguments calculated to inflame the passions or prejudice of the jury.

5.8(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the prevailing law, or by making predictions of the consequences of the jury's verdict."

did not contest the description of the "drug scene" as portrayed by the prosecutor presumably because petitioner's defense was that he was not the seller, leaving at issue his credibility as against the credibility of the agents. Thus, petitioner's failure to object to the prosecutor's cross-examination and to the prosecutor's rebuttal summation may well have been a tactical decision rather than an oversight.

Defense counsel had the opportunity to object to any closing remarks or request a cautionary instruction to the jury but declined to do so. The trial court properly instructed the jury as to its role as the sole judges of the facts.[3] Taken as a whole, we do not find the conduct of the prosecutor to have been so egregious as to deny petitioner a fair trial.

Accordingly, the order of the District Court is reversed.

---

**3.** The court instructed the jury:

"It is also your duty and your sole duty to decide the facts of the case as you find the evidence may have disclosed them."

\* \* \* \* \* \*

You are the sole judges of the facts, the sole judges of whether or not they are sufficient to demonstrate the guilt of this accused or whether they do demonstrate his innocence.

The opinions of either counsel as stated to you in their arguments are in no way binding upon you in your determination of the facts, although you should weigh the arguments of the attorneys as to the facts. It is your recollection of the evidence that controls, not mine, or not that of the attorneys, but your recollection controls."