George ARCE, Petitioner,

v.

Robert J. HENDERSON, Superintendent of Auburn Correctional Facility, and Louis J. Lefkowitz, Attorney General, State of New York, Respondents.

No. 78 Civ. 1952 (RWS).

United States District Court,
S. D. New York.

Aug. 31, 1979.

George Arce, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for respondents by Gale D. Berg, Deputy Asst. Atty. Gen.

## OPINION

SWEET, District Judge.

Petitioner George Arce ("Arce") is currently serving a 25 year to life sentence in the Auburn Correctional Facility, Auburn, New York. On June 18, 1974, Arce was found guilty by a unanimous jury of two counts of murder and one count of conspiracy to commit murder. Sentence was imposed by the Honorable John Gallucci of the New York Supreme Court, Rockland County. The conviction was affirmed by the New York Supreme Court, Appellate Division, *People v. Arce*, 51 A.D.2d 1043, 381 N.Y.S.2d 328 (1976), and the Court of Appeals, *People v. Arce*, 42 N.Y.2d 179, 397 N.Y.S.2d 619, 366 N.E.2d 279 (1977).

Now before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this petition Arce seeks relief on six grounds: (1) that the prosecutor misstated certain facts to the New York Court of Appeals during the appeal of petitioner's conviction; (2) that the trial court's charge to the jury was erroneous, thereby depriving Arce of due process of law; (3) that the trial court participated excessively in the cross examination of witnesses; (4) that Arce's conviction was the result of uncorroborated accomplice testimony; (5) that Arce was deprived of a fair trial because of an alleged prejudicial summation by the prosecutor; and (6) that the prosecution's key witness, with the help and knowledge of the prosecutor, fabricated his testimony and perjured himself.

■ As to the first ground, Arce asserts that the "Statement of Facts" in the State's brief to the New York Court of Appeals in *People v. Arce, supra*, makes reference to the testimony of an eye-witness, Henry Goldman ("Goldman") who, according to Arce, never existed, because his testimony does not appear in what Arce refers to as the "trial minutes." Arce has apparently confused the record on appeal, which contains only portions of the trial transcript with the trial minutes. Although Goldman's testimony was not included in the record on appeal, his name appears on the

list of witnesses, together with the appropriate page in the complete trial transcript on which his testimony begins. Furthermore, Arce has failed to exhaust his state remedies with respect to this ground and is therefore not entitled to federal habeas corpus relief. 28 U.S.C. § 2254(b). Because New York's courts have not had an opportunity to rule on this claim, a federal district court is precluded from granting habeas corpus relief. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Anderson v. Casscles*, 531 F.2d 682 (2d Cir. 1976); *United States ex rel. Johnson v. Vincent*, 507 F.2d 1309 (2d Cir. 1974).

■ Arce's second ground that the trial judge's charge to the jury was erroneous, is comprised of two elements: first, that the charge concerning accomplice testimony was erroneous because it did not specifically indicate that one of the prosecution's witnesses, Felix Burgos ("Burgos"), was an accomplice; and second, that the charge that a defendant is presumed to have intended the natural and probable consequences of his acts violated Arce's due process rights. As to the latter element, Arce has not exhausted his state remedies, and, therefore is not entitled to habeas relief. *See supra*. Although the jury charge was challenged in the New York appellate courts, that challenge consisted of an attack on that part of the charge which dealt with accomplice testimony. In order for a claim to be exhausted, "the substance of the constitutional claim [must be] presented to the state courts in a fashion which provides them a 'fair opportunity' to consider it." *Anderson v. Casscles, supra*, at 684 (citations omitted). This requires that the claim have been fairly narrowly defined before

the state courts. *Cf. United States ex rel. Gibbs v. Zelker*, 496 F.2d 991, 994 (2d Cir. 1974); *Schiers v. California*, 333 F.2d 173, 175–76 (9th Cir. 1964). This was not done in the instant action.

With respect to the former element of the second ground, Arce did exhaust his state remedies. Nonetheless, Arce is not entitled to habeas relief on this ground.

■ As stated by the Court of Appeals for the Second Circuit, "A jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors were so serious as to deprive defendant of a federal constitutional right." *United States ex rel. Smith v. Montayne*, 505 F.2d 1355, 1359 (2d Cir. 1974), *cert. denied*, 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 81 (1975); *see also Schaefer v. Leone*, 443 F.2d 182 (2d Cir.), *cert. denied*, 404 U.S. 939, 92 S.Ct. 277, 30 L.Ed.2d 251 (1971).[1] No such showing has been made here. At Arce's trial a question arose concerning whether Burgos was an accomplice as defined in New York Crim.Proc. Law § 60.22. In leaving this question to the jury, the trial judge did not mention Burgos by name; rather, he stated that if the jury found "that any other witness was in any way concerned in or aided and abetted in any way the commission of the crimes or any of them, he would be an accomplice." As the New York Court of Appeals stated in dismissing Arce's claim of error, "In light of the fact that [Burgos] was the only witness other than Perez to whom the question could possibly have applied, we conclude that it was not prejudicial." *People v. Arce, supra*, 42 N.Y.2d at 187, 397 N.Y.S.2d at 624, 366 N.E.2d at 283.

---

1. In considering this element of Arce's second claim, the court is also mindful of the Supreme Court's pronouncement that:

   a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge. *Boyd v. United States*, 271 U.S. 104, 107, 46 S.Ct. 442, 70 L.Ed. 857 (1926). While this does not mean that an instruction by itself may never rise to the level of constitutional error, *see Cool v. United States*, 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972), it does

   recognize that a judgment of conviction is commonly the culmination of a trial which includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of jury by the judge. Thus not only is the challenged instruction but one of many such instructions, but the process of instruction itself is but one of several components of the trial which may result in the judgment of conviction.

   *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

■ With respect to the third ground upon which Arce urges that his petition be granted, a review of the trial record has not disclosed to this court any error by the trial judge which rises to the level of a constitutional deprivation by way of undue judicial interference with the cross-examination of the state's witnesses.

■ Arce's fourth ground (viz., that his conviction was the result of uncorroborated accomplice testimony) goes to the sufficiency of the evidence against him at the state trial. As such, it is a state question not rising to constitutional dimensions and, therefore, is not cognizable in a federal habeas corpus proceeding. *United States ex rel. Griffin v. Martin*, 409 F.2d 1300, 1302 (2d Cir. 1969); *United States ex rel. Tirado v. Bombard*, 423 F.Supp. 1245, 1250 (S.D.N.Y.1976) (insufficiency of evidence not a proper question for habeas relief absent complete lack of evidence).

■ Arce's fifth asserted ground relates to the prosecutor's conduct at trial. It is, however, well established that federal habeas corpus relief is not available on the basis of improper prosecutorial statements at trial "unless the errors, either singly or together, were so fundamentally unfair as to deny the defendant a fair trial." *Orr v. Schaeffer*, 460 F.Supp. 964, 966 (S.D.N.Y. 1978) (footnote omitted); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Malley v. Manson*, 547 F.2d 25 (2d Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1335, 51 L.Ed.2d 597 (1977); *United States ex rel. Colon v. Follette*, 366 F.2d 775 (2d Cir. 1966). The prosecutor's summation at Arce's trial was not so prejudicial. *See, Malley v. Manson, supra*, at 28. The record shows that, with but one exception, counsel for petitioner made no objections during the prosecutor's summation. Indeed, the single objection which was made was sustained by the trial judge, who gave a curative instruction. While failure so to object does not work a waiver of the right to raise a claim on federal habeas corpus, it is nonetheless, a factor to be considered in determining the extent of the prejudice caused by the prose-

cutor's statement. *Id.* It is noteworthy, moreover, that during his summation Arce's counsel made remarks concerning the credibility of his own witness which were analogous to those now objected to by Arce.

■ The final ground upon which Arce seeks habeas relief is that Rafael Perez ("Perez") the witness who provided the primary testimony linking Arce to the murders, fabricated his testimony and perjured himself regarding an alleged deal between Perez and the prosecutor, all with the prosecutor's help and knowledge. If substantiated by credible evidence, this ground would have been sufficient to merit an award of habeas corpus relief. *See Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *U. S. ex rel. Washington v. Vincent*, 525 F.2d 262 (2d Cir. 1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976). It was for this reason that the court, pursuant to 28 U.S.C. § 2254, rule 7, issued a written order requiring that the respondent in this action expand the record by providing both a complete transcript of Perez's testimony and a sworn statement by the former District Attorney of Rockland County concerning the assertions herein being discussed. *See* the order of this court dated April 23, 1979.

■ Review of the expanded record does not, however, bear out Arce's assertion. The full extent of Perez's cooperation with the District Attorney and the fact that Perez was allowed to plead guilty to the lesser charge of first degree manslaughter were revealed to the jury. In addition, the sworn affidavit of the District Attorney of Rockland County at the time of Perez's cooperation with that office, indicates that the extent of the promises made to Perez were that he would be allowed to plead guilty to manslaughter and that the sentencing judge would be informed of Perez's cooperation. This court has no reason to doubt the veracity of the affidavits. Even if any part of Perez's testimony was fabricated, there is no evidence to establish that the prosecutor's office knew of it either at that time or subsequently.

For the reasons set forth above, petitioner's claim for federal habeas corpus relief is denied. Respondent is ordered to submit to the clerk of the court within ten (10) days hereof a judgment, on notice, consistent with this opinion.

IT IS SO ORDERED.