**Efrain Neito CAMARA, Petitioner,**

v.

**Charles SCULLY, Superintendent Green Haven Correctional Facility, Respondent.**

No. 83 Civ. 9404 (RLC).

United States District Court, S.D. New York.

Sept. 4, 1985.

Prisoners' Legal Services, New York City, for petitioner; Randolph Z. Volkell, David C. Leven, of counsel; Peggy J. Gartenbaum (law student), on the brief.

Kenneth Gribetz, Dist. Atty. of Rockland County, New York City, for respondent; John S. Edwards, Barbara Branch, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

I

Petitioner, convicted of murder and conspiracy in the first degree on May 16, 1974, petitions this court for a writ of habeas corpus. The case was referred to Magistrate Ruth Washington for report and recommendation. Magistrate Washington reviewed the voluminous record of this 13 year old case, along with memoranda of law submitted by petitioner and the District Attorney of Rockland County, and filed her report and recommendation on July 8, 1985, recommending that the petition be granted. The basis for the Magistrate's determination appears to be her conclusion that there was insufficient evidence for adjudging petitioner guilty beyond a reasonable doubt, and that the cumulative effect of a series of acts of prosecutorial misconduct so seriously and wrongfully damaged petitioner's credibility as to render the trial fundamentally unfair in violation of the 14th Amendment to the Constitution of the United States. These conclusions are contrary to those reached by the New York Court of Appeals in its review of this record. *People v. Arce*, 42 N.Y.2d 179, 397 N.Y.S.2d 619, 366 N.E.2d 279 (1977).

The District Attorney filed objections to the Magistrate's report on August 2, 1985. Petitioner has moved to strike the objections on the basis of untimeliness and for costs and fees incident to this motion. The motion is denied. As indicated in his affidavit, John Edwards, Executive District Attorney for Rockland County, called the court's deputy clerk on July 16, 1985, requesting an extension beyond the allotted 10 day period to file objections to the Magistrate's report. He was granted an extension until July 26, 1985. On July 25, 1985, a further extension to August 2, 1985, was granted. The objections were filed and served on August 2, 1985, and are therefore timely.

In view of the objections, the court is required to review the record *de novo*. Based on such review, the court declines to adopt the Magistrate's report and recommendation and concludes that the petition must be denied and dismissed.

A brief summary of the facts may be instructive. Petitioner and a codefendant, George Arce, were tried for the murder of two men. Petitioner took the witness stand as did Rafael Martinez Perez, an accomplice, who testified for the prosecution. They both agreed that early Monday morning, April 30, 1973, the two of them drove in Perez's car to Rockland County, parked at Mt. Ivy Diner adjacent to an exit of the Palisades Parkway from which they could monitor traffic going southbound on that highway. A blue Mustang, driven by John Morales, with Manuel Carrero sitting in the passenger seat, appeared. Perez and petitioner drove onto the highway in pursuit of the Mustang. Perez caused his

car to collide with Morales' car. When Morales left his car, he was shot dead, and Carrero, the passenger who tried to run away, was also killed. Both also agreed that no other car or persons were involved in the incident. Perez and petitioner were apprehended by the police when attempting to leave the area on foot. The two men disagreed on the issue of culpability. Perez testified that Camara shot Morales, and at Camara's instructions, he shot Carrero. According to Camara, after the collision, Morales and Perez got into an argument. Morales drew a gun. Perez struggled with him and the gun went off, and then Perez shot Carrero.

During the trial the prosecutor sought to introduce incriminating statements made by Camara's codefendant, George Arce, who did not testify. He asked a series of objectionable questions of Camara. Camara was asked about his use of illegal drugs, to which Camara responded in the negative. The prosecutor pursued the matter by asking if he sold illegal drugs. Objections to this question was sustained. The prosecutor asked Camara whether he had told the police about the shooting when picked up. Objection to that question was sustained, although the objection to a similar question by codefendant Arce's counsel had been overruled, and petitioner had responded in the negative.

The prosecutor on cross-examination asked Camara whether he wanted to know exactly what Perez was saying to the District Attorney so that he could work out a plea and say the same thing Perez was saying and say the same thing when Camara testified against Arce. After a bench conference, the question was withdrawn and the court instructed the jury to disregard it. The prosecutor also made some inflammatory remarks on summation, but petitioner made no objection to these remarks.

This case was appealed to the Appellate Division, Second Department and affirmed with one judge dissenting. 50 A.D.2d 932, 377 N.Y.S.2d 201 (2d Dep't.1975). Judge Margett in dissent found the "comments made by the prosecutor during summation were so prejudicial as to deprive defendant of a fair trial". *Id.*, 377 N.Y.S.2d at 202. The case was appealed to the Court of Appeals and affirmed without dissent. *People v. Arce, supra*, 42 N.Y.2d 179, 397 N.Y.S.2d 619, 366 N.E.2d 279 (1977).

## II

After conviction in a criminal case, a reviewing court is required to consider the evidence in the light most favorable to the prosecution. *United States v. Ayala*, 769 F.2d 98, 103 (2d Cir.1985); *United States v. Esdaille*, 769 F.2d 104, 108 (2d Cir.1985); *United States v. Borello*, 766 F.2d 46 (2d Cir.1985); *United States v. Singh*, 628 F.2d 758 (2d Cir.1980), *cert. denied*, 449 U.S. 1034, 101 S.Ct. 609, 66 L.Ed.2d 496 (1980). Moreover, the same rule applies when reviewing a habeas corpus petition of a defendant in state custody. The evidence must be viewed in the light most favorable to the prosecution. *Mallette v. Scully*, 752 F.2d 26, 32–33 (2d Cir.1984). The Magistrate failed to apply this standard. On the contrary, she considered the evidence in the light most favorable to petitioner, as if she were considering a motion to dismiss or motion for acquittal at the close of the prosecution's case and before conviction. In applying the wrong yardstick, she committed plain error.

A federal court on a petition for writ of habeas corpus may interfere in state criminal proceedings only to correct errors of constitutional dimension, *Wainwright v. Goode*, 464 U.S. 78, 83, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983); *Engle v. Isaacs*, 457 U.S. 1141, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1982); *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), and in ruling on the petition, the federal reviewing court is not to overturn a factual conclusion of a state court unless the conclusion is not "fairly supported by the record." *Wainwright v. Goode, supra*, 464 U.S. at 83, 104 S.Ct. at 382, *quoting from Sumner v. Mata*, 449 U.S. 539, 545–547, 101 S.Ct. 764, 768–769, 66 L.Ed.2d 722 (1981).

This case has been considered and examined fully by three state courts. The New York State Court of Appeals, unlike the Magistrate, found "overwhelming proof to contradict" defendant's story that he was an innocent bystander. *People v. Arce, supra* 42 N.Y.2d at 186, 397 N.Y.S.2d at 622, 366 N.E.2d at 282. It cited the testimony of Henry Goldman and Rocco Marino as contradicting defendant's version of the facts. It relied on the testimony of a Felix Burgos, whose testimony the Magistrate discounts as tainted, and Burgos' fiancee, Minerva Cuadro, who testified that they had seen Arce, Perez and Camara together the night before the killings, in contradiction to Camara's testimony that he had never met Arce until after his arrest. The car identified by those two witnesses as the one in which they had seen Arce and Camara was identified as a vehicle rented by Arce.

The Magistrate sets forth these findings in her report. Then adds "According to petitioner's counsel, however, the record shows that Goldman ... did not see someone specifically inspecting the rear of the car." Report and Recommendation at 14. She further adds: "Counsel points out that the record indicated witness Marino saw nothing relevant to petitioner's alleged involvement in the crime and that therefore his testimony was not confirmatory." *Id.* The Magistrate found the Court of Appeals' reliance on the testimony of Felix Burgos, a friend of codefendant Arce for ten years, to support its finding that the evidence established petitioner's guilt beyond a reasonable doubt, suspect because of Burgos' own interest in not being prosecuted. Further, the Magistrate considered the testimony of Cuadro, relied on by the Court of Appeals, inadequate because such reliance occurred two years after Cuadro recanted her testimony concerning the points the Court of Appeals recited. *Id.* 14–15. This approach was error.

The testimony of Goldman and Marino can readily be read as showing that petitioner lied, and Marino's testimony clearly confirms Goldman's version of what happened. That they might be read differently is beside the point. We are bound by the state court's reading unless it is clearly erroneous and the error is of constitutional dimension. That the state courts read the evidence at odds with the Magistrate's view presents no constitutional issue. Moreover, as to the recantation of Cuadro, such reversals are in general "looked upon with the utmost suspicion." *United States ex rel. Rice v. Vincent,* 491 F.2d 1326, 1332 (2d Cir.1974). Reliance on testimony which has been recanted, even if considered erroneous, cannot carry consequences constituting constitutional deprivation.

■ The Court of Appeals also found the testimony of Perez sufficiently corroborated to go to the jury. Under federal standards, Perez's testimony need not be corroborated. It is sufficient if the jury believes the defendant guilty beyond a reasonable doubt. Hence no issue of constitutional dimension can be taken with the Court of Appeals applying a stricter state standard and finding it having been met.

The Court of Appeals found that whether Burgos was an accomplice was a question of fact. The trial judge submitted the issue to the jury with appropriate instructions.

■ The fact that a defendant is silent at the time of his arrest may not be used to impeach him at trial, *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and the questions put by the prosecutor to Camara in this regard were unquestionably improper. As the Court of Appeals pointed out, however, the trial judge, after sustaining the objection, immediately advised the jury that when arrested, a defendant is under no legal obligation to say anything to the police and no unfavorable inferences were to be taken against him because Camara was silent. The judge underscored this comment by reminding the jury that as he had advised them previously, a defendant "does not have to prove or disprove anything." The Court of Appeals on the basis of these curative instructions found the improper questions put by the prosecutor to be harmless error. *People v.*

*Arce, supra,* 397 N.Y.S.2d at 624, 366 N.E.2d at 284. That conclusion in the circumstances of this case seems eminently correct and clearly does not reach the constitutional level warranting federal interference.

■ Finally, on the issue of prejudicial remarks during summation, which seems to have influenced the Magistrate to conclude that Camara had been denied a fair trial, petitioner did not raise this issue as a basis for issuance of the writ. If this was an appropriate issue, therefore, it was waived. Even if not waived, improper prosecutorial statements cannot provide the basis for federal habeas corpus relief. As this court has indicated in discussing that issue raised in a petition for a writ of habeas corpus filed by Camara's codefendant Arce:

It is, however, well established that federal habeas corpus relief is not available on the basis of improper prosecutorial statements at trial 'unless the errors, either singly or together, were so fundamentally unfair as to deny the defendant a fair trial.' *Orr v. Schaeffer,* 460 F.Supp. 964, 966 (S.D.N.Y.1978) (footnote omitted); *see also Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Malley v. Manson,* 547 F.2d 25 (2d Cir.1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1335, 51 L.Ed.2d 598 (1977); *United States ex rel. Colon v. Follette,* 366 F.2d 775 (2d Cir.1966). The prosecutor's summation at Arce's trial was not so prejudicial. *See Malley v. Manson, supra,* at 28. The record shows that, with but one exception, counsel for petitioner made no objections during the prosecutor's summation. Indeed, the single objection which was made was sustained by the trial judge, who gave a curative instruction. While failure so to object does not work a waiver of the right to raise a claim on federal habeas corpus, it is nonetheless, a factor to be considered in determining the extent of the prejudice caused by the prosecutor's statement. *Id.* It is noteworthy, moreover, that during his summation Arce's counsel made remarks concerning the credibility of his own witness which were analogous to those now objected to by Arce.

*Arce v. Henderson,* 477 F.Supp. 71, 74 (S.D.N.Y.1979) (Sweet, J.), *aff'd,* 636 F.2d 1200 (2d Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1989, 68 L.Ed.2d 305 (1981).

While the prosecutor was clearly overzealous, the trial court throughout was careful to advise the jury that the questions were not evidence and no inference could be taken because a question was asked, and that the jury had to consider the question together with its response. Every time the prosecutor overstepped appropriate bounds, the judge sustained objections and carefully advised the jury to disregard and not be influenced by the impropriety.

■ These instructions were proper and were sufficiently curative to offset any prejudice the prosecutor's acts may have injected into the trial. I am satisfied that the errors committed by the prosecutor in light of the curative action of the trial court were harmless beyond a reasonable doubt and, therefore, even if of constitutional dimension, are not sufficient to warrant issuance of the petition. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The petition for a writ of habeas corpus is denied and the petition is dismissed.

IT IS SO ORDERED.