## FOURTH DEPARTMENT, NOVEMBER, 1973
## (November 29, 1973)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIMON DOUGLAS, JR., Appellant.— Judgment affirmed. MOULE, J. (dissenting). The questions presented are whether the trial court erred in charging the jury that a statement of defendant might constitute a confession or admission and whether the verdict of guilty of murder was against the weight of the evidence. Defendant killed a man with a knife in an altercation which occurred in an automobile repair shop. Deceased had at one time been an occupant of an apartment rented by defendant, but defendant had made deceased move from it because he had been leaving the outside doors open. Deceased had been drinking heavily and defendant was sober. The People's proof is in conflict on whether the altercation started because he verbally abused defendant or because defendant asked deceased why he was telling lies about him. In any event, they tried to use a chair against one another. Defendant gained possession of the chair and threw it at deceased. Both of them fell and defendant lost his glasses. When they regained their feet, deceased put his hand to his right hip pocket and defendant plunged a knife into deceased's chest. This blow proved fatal. Defendant testified that he knew that deceased carried a knife and had seen him draw it against another person. A police officer testified that the police advised defendant of his rights, that defendant waived them, and was then questioned. The officer testified that defendant said that he and deceased had become involved in an argument during the course of which deceased threw a chair at him. He said that defendant told him that deceased had reached into a back pocket and, upon observing this, that he (defendant) picked up a knife which was lying on the floor and stabbed deceased once in the chest. The police officer said that he did not believe defendant's statement. The Trial Judge charged the jury that it could find the defendant guilty of murder (Penal Law, § 125.25), manslaughter, first degree (Penal Law, § 125.20), or manslaughter, second degree (Penal Law, § 125.15). The court properly instructed the jury that, to find defendant guilty of murder, it had to find "intent to cause the death of another person"; to find defendant guilty of manslaughter in the first degree, it had to find "intent to cause serious physical injury to another person"; and to find defendant guilty of manslaughter in the second degree, it had to find that he "recklessly cause[d] the death of another person." It further charged the definition of "recklessly" as set forth in section 15.05 of the Penal Law. The court also instructed the jury concerning testimony regarding an alleged confession or admission. It stated that defendant could not be convicted upon a confession or admission without additional proof that the offense charged had been committed, and added

that, "It is not necessary that the additional evidence should be sufficient to convict the defendant independent of the confession." This is a proper statement of the law (*People* v. *Reade,* 13 N Y 2d 42; *People* v. *Taleisnik,* 225 N. Y. 489; *People* v. *Pendleton,* 42 A D 2d 144). However, the problem is that, although the defendant's statement may have had some bearing on the issue of intent, it was not a confession (*People* v. *Bretagna,* 298 N. Y. 323; Richardson, Evidence, §§ 331, 287, 290). It was, therefore, necessary that the element of intent be established beyond a reasonable doubt (CPL 70.20). Erroneously referring to a statement as a confession is prejudicial and reversible error, particularly where degrees of crime are involved (*People* v. *Rhodes,* 283 App. Div. 804; *People* v. *Doria,* 281 App. Div. 918; see, also, *People* v. *Kingston,* 8 N Y 2d 384, 388). Although defense counsel failed to except or object to the erroneous charge (CPL 470.05, subd. 2), this does not prevent us from considering the error on appeal when, in our discretion, the interest of justice requires such consideration (CPL 470.15, subd. 6, par. [a]). Under CPL 470.15 (subd. 3), we may consider and determine questions of law and fact which may have adversely affected defendant and may reverse a judgment of conviction upon the law or the facts or in the interest of justice. The Trial Judge's reference to defendant's statement as a confession was not only improper but in view of the sparseness of anything in the record showing defendant's intent to kill or cause serious physical injury it was prejudicial. Affirming this judgment means that a man 26 years of age with a previous good record at the time of the conviction, will spend a minimum of 15 years in prison (Penal Law, § 70.00), will not be eligible for parole until he served the full 15 years (Correction Law, § 212) and will not be entitled to time off for good behavior (Correction Law, § 803). I conclude, therefore, that in the interest of justice the judgment should be reversed and a new trial granted. Goldman, P. J., Del Vecchio, Witmer and Simons, JJ., concur; Moule, J., dissents and votes to reverse the judgment on the law and the facts and in the interest of justice, and grant a new trial, in an opinion. Judgment affirmed.