THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIMON DOUGLAS, JR., Respondent, v LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Appellant.

Second Department, May 14, 1979

## APPEARANCES OF COUNSEL

*Lawrence T. Kurlander, District Attorney (Melvin Bressler* of counsel), for appellant.

*Diller, Schmukler & Asness (Domenick J. Porco* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

In the instant habeas corpus proceeding petitioner challenges the legality of his detention pursuant to a judgment of the County Court, Monroe County (Fourth Judicial Department), convicting him, after a jury trial, of the crime of murder, and imposing sentence. Petitioner is presently incarcerated in the Green Haven Correctional Facility in Dutchess County (Second Judicial Department). Special Term granted the petition to the extent of directing that petitioner be resentenced "so that his time to appeal [to the Appellate Division, Fourth Department] will run anew." We reverse and direct that the petition be dismissed.

As a result of the fatal stabbing of one Albert Wilson on April 29, 1971 during an altercation in Rochester, New York, the petitioner, Simon Douglas, Jr., was indicted for murder. At the ensuing jury trial he testified in his own behalf and admitted stabbing the deceased, but claimed that he had acted in self-defense. Thus, the crucial issue presented at the trial was whether the petitioner's conduct, which would otherwise have constituted an offense, was "justifiable" as that term is defined in article 35 of the Penal Law. The County Court instructed the jury on the statutory defense of justification, and no exceptions were taken nor requests to charge made by trial counsel with reference thereto. After deliberating for approximately two hours, the jury returned a verdict of guilty and, on December 22, 1971, judgment was rendered sentencing petitioner to an indeterminate prison term of 15 years to life. Counsel was then assigned to prosecute petitioner's appeal and, on November 29, 1973, the Appellate Division of the Fourth Judicial Department affirmed the judgment, with one Justice dissenting *(People v Douglas,* 43 AD2d 661). Assigned counsel thereafter sought leave to appeal to the Court of Appeals, not from that dissenting Justice but from a Judge of the Court of Appeals. On February 1, 1974 that application was denied.

In September of 1977, petitioner, who is now serving his sentence in a State correctional institution in Dutchess County, petitioned the Dutchess County Supreme Court for a writ of habeas corpus alleging, *inter alia,* ineffective assistance of counsel on the appeal. By stipulation, that petition was withdrawn without prejudice. Thereafter, on April 5, 1978, a petition seeking similar relief was submitted to the dissenter in the Fourth Department; however, that Justice declined to entertain the petition on the ground that the proper forum was in Dutchess County. Petitioner then submitted the present petition for habeas corpus relief, alleging, *inter alia:* "3. That said judgment was obtained in violation of Petitioner's State and Federal Constitutional rights to effective representation of counsel, fair trial and due process of law, as more fully set forth in the accompanying memorandum of law."

The ultimate thrust of the accompanying memorandum of law was that the petitioner had been denied the effective assistance of counsel on appeal, as his assigned counsel submitted a perfunctory and inadequate appellate brief which failed to call the Fourth Department's attention to (1) alleged prejudicial deficiencies and inadequacies in the trial court's charge on the crucial issue of justification, and (2) the inadequacies of trial counsel. In his brief before this court, petitioner further argues that "the relief granted Relator [petitioner] was based on the claim of ineffective assistance of *Appellate* counsel, a claim [which, contrary to appellant's assertion on this appeal, is] not cognizable under a [CPL] 440 motion". Accordingly, petitioner argues that under the peculiar circumstances of this case, habeas corpus (to the State Supreme Court) is the proper means to seek redress for his alleged deprivation of the effective assistance of appellate counsel.

We do not agree.

Under the circumstances of this case, petitioner's grievances are not amenable to habeas corpus relief, as it is well established that: "A writ of habeas corpus can neither be utilized to review claimed errors already passed on in an earlier appeal * * * *nor issues which could have been raised on appeal but were not" (People ex rel. Knox v Smith,* 60 AD2d 789, mot for lv to app den 43 NY2d 647 [emphasis supplied]; accord, *People ex rel. White v La Vallee,* 47 AD2d 982, mot for lv to app den 36 NY2d 647; see *People ex rel. Sedlak v Foster,* 299 NY 291; CPL 440.10). Acceptance of petitioner's contention would ren-

der the highlighted language a nullity, for in any situation in which a claimed error has not been raised on appeal it could conceivably be argued that appellate representation was inadequate in failing to do so. Moreover, the underlying assumption that the alleged inadequacy of appellate counsel prevented the Appellate Division, Fourth Department, from passing upon the merits, *inter alia,* of the claimed inadequacy in the "justification" charge is itself undermined to some extent by the decision of that court in *People v Stubbs* (30 AD2d 932). Finally, to permit Special Term, and ultimately this court, in effect, to review *de novo* a judgment of conviction of the County Court, Monroe County, in order to assess the adequacy of appellate counsel *after* the conviction has been affirmed by the Appellate Division, Fourth Department, and leave to appeal has been denied by the Court of Appeals, and then to direct that petitioner be resentenced by the County Court so as to give him a *second* opportunity to appeal to the Fourth Department, is highly disruptive of traditional orderly procedure and should not be countenanced unless dictated by "practicality and necessity" (see *People ex rel. Keitt v McMann,* 18 NY2d 257, 262). Unlike the *Keitt* case *(supra),* the instant case revolves about a single substantive issue analogous to mere trial error (the adequacy of the charge on "justification"), as to which the former teaches that "[i]n such case[s], the writ may not be utilized as a substitute for appeal" *(People ex rel. Keitt v McMann, supra,* p 262; cf. *Matter of Roberts v County Ct. of Wyoming County,* 39 AD2d 246, affd 34 NY2d 246).

DAMIANI, J. P., O'CONNOR, LAZER and GULOTTA, JJ., concur.

Judgment of the Supreme Court, Dutchess County, entered September 8, 1978, reversed, on the law, without costs or disbursements, and proceeding dismissed.