■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered December 17, 1980, convicting him of robbery in the first degree (two counts), robbery in the second degree and petit larceny, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (White, J.), of defendant's motion, made on both constitutional and statutory grounds, to dismiss the indictment because of the failure of the People to afford him a speedy trial. Judgment affirmed. Defendant concedes that, by his plea of guilty, he waived his right to contest on appeal the denial of that part of his speedy trial motion which was based on statutory grounds. However, he contends that since he was unaware of this at the time he entered his plea, he should be permitted to withdraw his plea and go to trial. He is in error in this contention (see *People v O'Brien*, 84 AD2d 567, affd 56 NY2d 1009). Furthermore, the court did not abuse its discretion when it denied, after a hearing, the branch of defendant's speedy trial motion which was based on constitutional grounds (see *People v Taranovich*, 37 NY2d 442; *People v Prosser*, 309 NY 353; *Barker v Wingo*, 407 US 514). O'Connor, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL TAYLOR, Appellant, v CARL A. VERGARI, as District Attorney of Westchester County, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Delaney, J.), dated July 28, 1980, which denied the petition and dismissed the writ. Judgment affirmed, without costs or disbursements. Petitioner submitted a *pro se* post conviction motion pursuant to CPL article 440, after the determination of his direct appeal, which motion was denied on May 8, 1979. By order of this court (Shapiro, J.), dated September 14, 1979, petitioner's application for leave to appeal from said order was denied. Petitioner had ample opportunity, in his postconviction motion, to raise the alleged conflict of interest of both trial and appellate counsel arising out of the direct appeal from his judgment of conviction, which was affirmed by this court (*People v Taylor*, 63 AD2d 868). The denial of said motion precludes any further review of this issue (see *People ex rel. Douglas v Vincent*, 67 AD2d 587, affd 50 NY2d 901). O'Connor, J. P., Bracken, Brown and Boyers, JJ., concur.