■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID KNATZ, Appellant, v WILSON WALTERS, as Superintendent of Ossining Correctional Facility, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), dated November 10, 1982, which dismissed the proceeding. Appeal dismissed as academic, without costs or disbursements. Petitioner's conditional release on January 6, 1983 renders the instant appeal academic. Even were we to address the merits of petitioner's claim, we would find it to be without merit. Damiani, J. P., Thompson, O'Connor and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. JOHN SADOWY, Respondent, v WILSON WALTERS, as Superintendent of Ossining Correctional Facility, et al., Appellants. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered March 30, 1981, which sustained the writ and restored petitioner to parole supervision. Judgment affirmed, without costs or disbursements. (See *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; *Matter of Vasquez v New York State Bd. of Parole,* 58 NY2d 981; *People ex rel. Posado-Osario v Hammock,* 58 NY2d 978.) Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE SMALL, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Coppola, J.), dated May 27, 1981, which, after a hearing, dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner was convicted on May 23, 1972 of murder and robbery in the first degree in New York County, after a jury trial. The judgment of conviction was thereafter affirmed by the Appellate Division, First Department (*People v Small,* 43 AD2d 816). Petitioner now claims that at the time of his appeal he was not provided with the transcribed minutes of certain pretrial proceedings which allegedly establish that he was denied his right to a speedy trial, and he seeks in this proceeding to have those minutes provided. He also indicates that the speedy trial issue was not raised on the appeal from his conviction. The petition was properly dismissed. The writ of habeas corpus may not be used to review claimed errors already considered on an earlier appeal, nor to review issues which could have or should have been raised at that time (see *People ex rel. Douglas v Vincent,* 67 AD2d 587, affd 50 NY2d 901). Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.

THIRD DEPARTMENT, MARCH, 1983

(March 1, 1983)

■ In the Matter of the Application of ROBERT L. MILLER for Reinstatement as an Attorney. — Application for reinstatement granted and petitioner, Robert L. Miller, reinstated as an attorney and counselor at law effective immediately. Order entered. Mahoney, P. J., Sweeney, Kane, Main and Weiss, JJ., concur.