■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE VASQUEZ, Appellant, v CHARLES SCULLY, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated February 10, 1983, which dismissed the petition.

Judgment affirmed, without costs or disbursements.

Petitioner was convicted of the crime of robbery in the first degree and sentenced to imprisonment as a second felony offender for a term of 12½ to 25 years. At the time petitioner commenced this proceeding, the Appellate Division, First Department, had affirmed the judgment of conviction (*People v Vasquez*, 80 AD2d 754, mot for lv to app den 53 NY2d 712).

The petitioner attempts in the instant proceeding to challenge his conviction on the ground that he was deprived of counsel at his pretrial interrogation. It is unclear from the record as to whether this issue was raised on his original appeal. However, the issue appears to be one which could have been raised on appeal. It may not be raised in a habeas corpus proceeding (see *People ex rel. Small v Scully*, 92 AD2d 943; *People ex rel. Douglas v Vincent*, 67 AD2d 587, affd 50 NY2d 901). Furthermore, habeas corpus will not lie because the petitioner's claims, even if

meritorious, would result in a new trial and not a directive that he be released from custody (*People ex rel. Kaplan v Commissioner of Correction,* 60 NY2d 648; *People ex rel. Taylor v Commissioner of Correction,* 100 AD2d 525; *People ex rel. Douglas v Vincent,* 50 NY2d 901, *supra*).

We have examined the petitioner's remaining contention and find it to be without merit. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.