■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEROME WILLIAMS, Appellant, v CHARLES SCULLY, as Warden of New York State Department of Correctional Services, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated February 10, 1983, which denied the petition.

Judgment affirmed, without costs or disbursements.

Petitioner was convicted in the Supreme Court, Bronx County, of robbery in the first degree and sentenced to an indeterminate term of imprisonment of 10 to 20 years. The judgment of conviction was subsequently affirmed by the Appellate Division, First Department (*People v Williams,* 90 AD2d 696, application for lv to app den 58 NY2d 696).

Petitioner thereafter instituted this habeas corpus proceeding, in which he alleges, *inter alia,* that he was arrested in his home without a warrant, in violation of the rule announced in *Payton v New York* (445 US 573). Petitioner concedes that this issue was raised in the trial court and on his direct appeal from the judgment of conviction.

Under these circumstances, the petition was properly denied. Habeas corpus is not a substitute for appeal (*People ex rel. Melvin v Warden,* 94 AD2d 808) and does not lie to permit review of claimed errors already considered on an earlier appeal (*People ex rel. Small v Scully,* 92 AD2d 943, mot for lv to app den 59 NY2d 605). Furthermore, habeas corpus does not lie where petitioner's claims, even if meritorious, would result in suppression of evidence and a new trial, not an immediate release from custody (*People ex rel. Kaplan v Commissioner of Correction of City of N. Y.,* 93 AD2d 768, affd 60 NY2d 648; see, also, *People ex rel. Vasquez v Scully,* 105 AD2d 722; *People ex rel. Malik v Reynolds,* 96 AD2d 708, mot for lv to app den 60 NY2d 558).

Petitioner is simply attempting to utilize habeas corpus as a vehicle for relitigating issues that have already been considered at both the nisi prius and appellate levels. Therefore, the petition was properly denied. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.