Paul B. DUDLEY, Petitioner-Appellant,

v.

Stephen DALSHEIM, Superintendent, Downtown Correctional Facility; and Robert Abrams, Attorney General of the State of New York, Respondents-Appellees.

No. 1330, Docket 81–2399.

United States Court of Appeals, Second Circuit.

Argued July 14, 1982.

Decided Aug. 9, 1982.

As Amended Oct. 12, 1982.

Phylis Skloot Bamberger, The Legal Aid Society, Federal Defender Services Unit, New York City, for petitioner-appellant.

Donna Krone, Asst. Dist. Atty., New York City (Robert M. Morgenthau, Dist. Atty. for New York County, and Mark R. Dwyer, Asst. Dist. Atty., New York City, of counsel), for respondents-appellees.

Before CARDAMONE and WINTER, Circuit Judges, and MALETZ, Judge of the United States Court of . International Trade.*

* The Honorable Herbert N. Maletz, Judge of the United States Court of International Trade, sit-

PER CURIAM:

On August 13, 1974 appellant Paul B. Dudley was convicted of murder in New York State Supreme Court following a jury trial. Government eye-witnesses who knew Dudley testified that appellant approached the victim, and without provocation aimed a gun directly at his head at close range and pulled the trigger. Dudley's sole defense was one of alibi. Two defense witnesses implied that he was elsewhere at the time of the shooting. The intent of the killer was not a defense issue because appellant claimed he was not even present. The trial judge twice instructed the jury, *inter alia*, that a person is presumed to intend the natural and probable consequences of his acts.

Defense counsel did not object to this charge at trial nor on direct appeal. The issue of the impropriety of the charge was first raised by appellant in a post-judgment motion to vacate his conviction which was filed with the New York Supreme Court in November, 1979. The motion was denied, partly on the ground that claimed errors in the trial court's charge should have been raised on direct appeal. Appellant then filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York in which he contended that the charge denied him his right to a fair trial. The District Court, 526 F.Supp. 88 denied the petition and Dudley appeals from that determination.

Appellant admittedly failed to raise at trial or appeal the error he now claims concerning the jury instruction, in conformity with state procedural law. Consequently the alleged error in the charge was not considered on its merits and, therefore, may not be reviewed by the federal courts on a petition for habeas corpus. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

ting by designation.

Dudley asserts that he should be excused from the *Sykes* rule because he can demonstrate cause for his failure to comply with state law and actual prejudice resulting from the alleged constitutional violation. *See Sykes*, 433 U.S. at 87, 90–91, 97 S.Ct. 2497, 2508–2509, 53 L.Ed.2d 594. He has shown neither. Appellant claims that his attorneys' failure to challenge the charge at trial and on direct appeal constitutes "cause." This argument was impliedly rejected by our holding in *Taylor v. Harris*, 640 F.2d 1 (2d Cir.), *cert. denied*, 452 U.S. 942, 101 S.Ct. 3089, 69 L.Ed.2d 958 (1981). It is also contrary to the Supreme Court's recent pronouncement that cause does not exist where one fails properly to raise a constitutional issue in state court when federal case law (and here state case law as well) provided the "tools" to construct such a claim. *Engle v. Isaac*, —— U.S. ——, —— – ——, 102 S.Ct. 1558, 1571–1574, 71 L.Ed.2d 783 (1982). Further, appellant cannot demonstrate actual prejudice resulting from the intent charge because there was "strong uncontradicted evidence of [intent] in the record," *United States v. Frady*, —— U.S. ——, ——, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982), which appellant did not dispute. *See id.* Since we deny relief on procedural grounds, we need not reach or decide the merits of appellant's claim that the state court trial judge's charge denied him a fair trial under the rule laid down in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

Denial of appellant's petition is affirmed for the reasons stated above.