James **WILLIAMS**, Petitioner,

v.

Eugene **LEFEVRE**, Warden, Clinton Correctional Facility and Robert Abrams, Attorney General of the State of New York, Respondents.

No. CV 82–4236.

United States District Court,
E.D. New York.

Dec. 30, 1983.

Frank A. Lopez, Brooklyn, N.Y., for petitioner.

Eliz. Holtzman, Kings County Dist. Atty., Brooklyn, N.Y. by Michael Gore, Asst. Dist. Atty., for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner, James Williams, has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976), alleging that his conviction in State court denied him due process of law under the Fifth and Fourteenth Amendments.

We conclude that because petitioner has failed to raise the instant claims in conformity with New York procedural law and has not set forth on the record "cause" for the procedural default and "prejudice" resulting from the alleged errors as required by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), this Court is precluded from reviewing the merits of petitioner's claims.

## FACTS

On April 3, 1975, following a jury trial, petitioner was convicted in New York State Supreme Court, Kings County, of attempted murder and two counts of criminal possession of a weapon.[1] Petitioner was sentenced to a term of twenty years to life on

---

1. Both are felony crimes under New York law. *See:* N.Y. Penal Law §§ 110.00/125.25(1) and § 265.02.

the attempted murder count and to a lesser concurrent term on the weapons charge.

On direct appeal to the Appellate Division, Second Department, the petitioner alleged three (3) grounds of error in support of reversal of his conviction.[2] For our purposes, it is sufficient to note that none of the errors alleged on direct appeal in the State court have been asserted by petitioner in the present habeas application.

The Appellate Division, without opinion, unanimously affirmed the attempted murder conviction, but dismissed the lesser included weapons charge.[3] Leave to appeal to the New York Court of Appeals was denied.[4]

In July 1980, petitioner submitted a motion to vacate judgment pursuant to N.Y.C.P.L. § 440.10.[5] This motion raised two grounds of alleged error that were not previously raised by the petitioner in the State court: (1) that the trial court's instruction to the jury that "a person is presumed to intend the natural and probable consequences of his act" had the effect of shifting the burden of proof to the defense on the issue of intent in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); and (2) that the petitioner's sentence of 20 years to life for attempted murder was grossly excessive and imposed in violation of the Eighth Amendment.

In an order dated December 12, 1980, the Supreme Court for Kings County (Compos-

to, J.) denied the motion without opinion.[6] Leave to appeal to the Appellate Division was denied on September 25, 1981.

Petitioner subsequently submitted another motion for post-conviction relief pursuant to N.Y.C.P.L. § 440.10. This challenge raised again the *Sandstrom* error, and as a second ground of error, that petitioner was denied the effective assistance of counsel in that his trial attorney failed to object to the charge[7] and his appellate attorney failed to raise the issue on appeal to the Appellate Division.

In an order dated February 26, 1982, the Supreme Court for Kings County (Moskowitz, J.) denied the motion. The Court relied on the procedural bar of § 440.10(2)(c) which prohibits a defendant from raising issues which were unjustifiably omitted on direct appeal. The court additionally noted that *Sandstrom, supra,* did not operate to change existing New York law because the charge proscribed by that decision had been forbidden by the New York Court of Appeals for over a century.[8] Leave to appeal to the Appellate Division was denied on October 4, 1982.

Petitioner now seeks to set aside his State court conviction and asserts in support of his application the three (3) grounds previously asserted in the State court through his § 440.10 motions discussed above, namely: (1) the *Sandstrom* error; (2) that the sentence imposed violates the Eighth Amendment; (3) that he was denied

---

**2.** The three grounds were:
 (1) He was convicted and sentenced pursuant to a statute which became effective more than two years after the commission of the crime for which he was charged;
 (2) Criminal possession of a dangerous weapon is a lesser included offense in the attempted murder charge;
 (3) It was reversible error to permit testimony concerning the robbery for which he was not charged in the indictment.

**3.** *People v. Williams,* 57 A.D.2d 850, 394 N.Y.S.2d 36 (2d Dept.1977).

**4.** 42 N.Y.2d 1007, 398 N.Y.S.2d 1052, 368 N.E.2d 58 (1977) (Cooke, J.).

**5.** Petitioner had submitted an earlier motion to set aside his conviction pursuant to N.Y.C.P.L.

§ 440.10. That motion raised grounds not previously raised in the State court. The motion was denied on February 23, 1976, and leave to the Appellate Division was denied. This earlier motion has no relevance to the petitioner's present application for habeas corpus relief.

**6.** Petitioner now asserts both of the above alleged grounds of error in his present application for relief pursuant to 28 U.S.C. § 2254.

**7.** The charge here referred to is the alleged *Sandstrom* error incorporated in petitioner's first ground for relief asserted in the § 440.10 motion.

**8.** *People v. Williams,* Memorandum No. 970/74 (Moskowitz, J.), Supreme Court, Kings County, February 26, 1982.

effective assistance of counsel at trial and on appeal in the State court.

## DISCUSSION

■ Under *Wainwright v. Sykes, supra,* a federal court may not review any claim which was forfeited below by a procedural default under State law, unless the aggrieved party can show both cause for the default and prejudice resulting from the alleged violation. In this case we must first determine whether a default occurred, and then whether the "cause-prejudice" tests are satisfied.

Pursuant to N.Y.C.P.L. § 440.10(2)(c),[9] a State court must summarily deny a motion to vacate judgment when the defendant has failed to raise the issue on his direct appeal in the State court.

Petitioner's § 440 motion submitted in 1980 raised in the State court for the first time the *Sandstrom* claim and the Eighth Amendment claim now raised in this Court. The State court denied the motion without opinion. The Second Circuit recently stated that a state appellate court's silence in circumstances where the prosecutor has argued both the procedural default and the lack of merit of the claim must lead a federal habeas corpus court to conclude that the petitioner's claim was rejected on state law procedural grounds. *Martinez v. Harris,* 675 F.2d 51, 54 (2d Cir.1982), *cert.*

denied, —— U.S. ——, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982).

■ Indeed, the affirmation submitted by the Kings County District Attorney in opposition to petitioner's above § 440.10 motion did in fact argue both the procedural default and the merits of petitioner's various asserted claims.[10] This Court must thus conclude, under *Martinez,* that petitioner's first two claims raised in the present application for habeas relief were rejected by the State court on state-law procedural grounds.

Petitioner's third claim, that he was denied the effective assistance of counsel, was raised in a § 440.10 motion submitted to the State court in 1982. The Supreme Court for Kings County denied the motion. However, in contrast to the first motion, this order was issued with a written opinion. The opinion makes clear the fact that the State court relied upon petitioner's procedural default when denying his § 440.10 motion.[11]

■ Under *Sykes,* explicit reliance on a procedural default mechanism in denying collateral relief in State court is a sufficient independent and adequate State ground of decision to invoke the "cause-prejudice" test there enunciated. However, when passing upon petitioner's motion for collateral relief, the State court also addressed the merits of the *Sandstrom* claim.[12] The

**9.** N.Y.C.P.L. § 440.10(2)(c) states

 2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:

 \* \* \* \* \* \*

 (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him;

**10.** Affirmation of Robert Hutchinson Ringer; July 29, 1980.

**11.** The State court held:

 "CPL § 440.10(2)(c) provides that the court must deny a motion to vacate a judgment when sufficient facts appear on the record of the proceeding to have permitted, upon appeal, adequate review of the ground or issue raised upon that motion and the defendant unjustifiably failed to raise such ground or issue upon an appeal actually perfected.

 The defendant could have raised these issues on direct appeal. Therefore, he cannot litigate them at this point by means of *coram nobis.*"

*People v. Williams,* Memorandum No. 970/74 (Moskowitz, J.); Supreme Court, Kings County; February 26, 1982.

**12.** The State court noted that *Sandstrom* did not operate to change existing New York law because the prohibited charge in *Sandstrom* had been proscribed by the New York courts for over a century prior to the Supreme Court decision. *Id.*

federal circuit courts are presently divided on the issue of whether or not a federal habeas court is barred under *Sykes* from reviewing a federal constitutional claim where the State court did not rely *exclusively* on the petitioner's procedural default, but rather passed on the merits of the claim as well.

 The Second Circuit has recently adopted the majority position with respect to this issue. In *Phillips v. Smith*, 717 F.2d 44 (2d Cir.1983), the Court held:

> "[E]xplicit state court reliance on a procedural default bars federal habeas review of the forfeited claim absent a showing of cause and prejudice regardless of whether the state court ruled alternatively on the merits of the forfeited claim."

Thus claimant committed procedural default on the third claim, as well.

It is thus incumbent upon the petitioner to demonstrate "cause" for his failure to comply with State procedural law and "prejudice" resulting from the alleged due process violation.

Turning first to petitioner's Eighth Amendment claim, alleging that his sentence was grossly excessive, we note that petitioner has not set forth any explanation as to why he did not raise this claim on his direct appeal. Therefore, because petitioner has failed to demonstrate cause for his default, we are precluded from reviewing the merits of petitioner's Eight Amendment claim asserted in this habeas corpus application.

Petitioner's remaining two claims for relief are somewhat interrelated. Initially, petitioner alleges that the trial court jury charge on the issue of intent was given in violation of *Sandstrom v. Montana*, *supra*. Petitioner then seeks to excuse his procedural default for failing to raise this claim on appeal, by asserting a claim that he was denied effective assistance of counsel. Essentially, petitioner argues that his attorneys failure to take cognizance of the alleged erroneous instruction at trial and on direct appeal constitutes "cause." The Second Circuit has recently rejected this argument in *Dudley v. Dalsheim*, 686 F.2d 110 (2d Cir.1982).

Where petitioner offers no other explanation for his procedural default other than his assertion that he received ineffective assistance of counsel, this allegation alone does not meet "the rigid standards for establishing cause." *Minor v. Harris*, 556 F.Supp. 1371 (S.D.N.Y.1983).

Since petitioner is in procedural default on each claim, and has failed to show cause for such defaults, we may not decide the merits of his petition. Accordingly, petitioner's application for a writ of habeas corpus must be, and hereby is, denied.

SO ORDERED.