■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEON WEST, Appellant, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Duskas, J.), entered November 15, 1985 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted after a jury trial of criminal possession of a controlled substance in the third degree and sentenced as a persistent felony offender to a prison term of 20 years to life (see, People v West, 92 AD2d 620). Ultimately, this conviction was reversed by the Court of Appeals and a new trial was ordered (People v West, 62 NY2d 708, 710). Upon retrial, defendant was again convicted and accorded the same sentence. His application for reargument of the Court of Appeals decision regarding his first trial was denied as untimely (see, People v West, 65 NY2d 1054). Thereafter, petitioner commenced the instant proceeding, pursuant to CPLR article 70, seeking a writ of habeas corpus on the grounds that several issues were overlooked on the appeals relating to his first conviction and that he was deprived of the effective assistance of trial and appellate counsel. Special Term dismissed the petition without a hearing and this appeal ensued.

We affirm. A review of both the petition and the brief on appeal confirms that petitioner does not controvert the validity of his conviction after retrial. The challenges raised all relate to the underlying validity of his first conviction and the effectiveness of counsel during those proceedings. Since the Court of Appeals actually reviewed the challenges petitioner now claims were overlooked *(see, People v West,* 62 NY2d 708, 710, *supra),* habeas corpus relief is inappropriate *(see, People ex rel. Stewart v LeFevre,* 111 AD2d 1005, *lv denied* 65 NY2d 611). In addition, challenges to the effectiveness of trial or appellate counsel could have been reviewed directly by way of appeal or pursuant to CPL article 440 *(see, People ex rel. Sales v LeFevre,* 93 AD2d 945, *lv denied* 60 NY2d 558; *see also, People v Bachert,* 121 AD2d 802). Most importantly, even were we to accept the validity of the claimed errors, petitioner has already received the only relief to which he would be entitled, i.e., a new trial. Having been convicted on the second trial, petitioner would not be entitled to immediate release from custody even if successful on the instant application *(see, People ex rel. Kaplan v Commissioner of Correction of City of N. Y.,* 60 NY2d 648; *People ex rel. Hall v LeFevre,* 92 AD2d 956, *affd* 60 NY2d 579). Accordingly, the petition was properly dismissed.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.