**George ARCE, Petitioner–Appellant,**

**v.**

**Harold J. SMITH, Respondent–Appellee.**

**No. 170, Docket 89–2189.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 10, 1989.

Decided Nov. 20, 1989.

Colleen P. Cassidy, The Legal Aid Soc., Federal Defender Services Unit, New York City, for petitioner-appellant.

Sondra S. Holt, Asst. Dist. Atty., Kenneth Gribetz, Dist. Atty., Rockland County, New City, on the brief, for respondent-appellee.

Before FEINBERG and CARDAMONE, Circuit Judges, and METZNER, District Judge.[*]

METZNER, Senior District Judge.

Petitioner appeals from an order denying his second petition for habeas corpus relief. 28 U.S.C. § 2254.

George Arce was convicted of murder and conspiracy in 1974 and was sentenced to a term of 25 years to life. His conviction was upheld on appeal by the New York Appellate Division. *People v. Arce,* 51 A.D.2d 1043, 381 N.Y.S.2d 328 (2d Dept. 1976). The Court of Appeals unanimously affirmed the convictions against a challenge to the sufficiency of the evidence and prosecutorial misconduct. *People v. Arce,* 42 N.Y.2d 179, 397 N.Y.S.2d 619, 366 N.E.2d 279 (1977). Arce then filed a petition for a writ of habeas corpus in the United States District Court which raised not only the issues presented to the state Court of Appeals, but an additional one which claimed violation of the rule set forth in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). This petition was denied. *Arce v. Henderson,* 477

---

[*] The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.

F.Supp. 71 (S.D.N.Y.1979), *aff'd,* 636 F.2d 1200 (2d Cir.), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1989, 68 L.Ed.2d 305 (1980).

Thereafter, Arce filed a petition pursuant to Article 440 of the New York Criminal Procedure Law seeking post-conviction relief alleging a claim of ineffective assistance of trial and appellate counsel for the first time, a claim that a witness recanted her testimony after trial, demonstrating that evidence was fabricated, his *Sandstrom* claim, and other claims. The New York Supreme Court denied Arce's motion on the grounds that appellant had waived his claims by failing to raise them on direct appeal, or by failing to raise them in a timely manner. The Appellate Division denied Arce leave to appeal.

Arce then filed this petition for a writ of habeas corpus in which he renewed the claims that the state court had deemed to be procedurally forfeited, including the claims of ineffective assistance of trial and appellate counsel. The Magistrate's report on this petition, adopted by the district court, found that appellate counsel was not ineffective and therefore the alleged ineffectiveness could not constitute cause to excuse the procedural default. *Arce v. Smith,* 710 F.Supp. 920, 932–33. (S.D.N.Y. 1989). The court dismissed the petition after applying the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to determine whether counsel's performance was deficient, and if so, whether the deficient performance prejudiced the defense so as to deprive Arce of a fair trial.

We affirm the dismissal of Arce's petition.

### Discussion

On this appeal three questions are presented by Arce for review:

1. Whether Arce's state court conviction violated his sixth amendment right to the effective assistance of counsel.

2. Whether the recantation of a key prosecution witness necessitates a hearing, and, if the recantation is found credible, a new trial must be ordered.

3. Whether cause and prejudice excuses the procedural default of the *Sandstrom* error.

Arce alleges numerous errors committed by counsel to justify a finding of ineffective assistance of counsel. The claimed errors are that trial counsel prevented Arce from testifying on his own behalf; that trial counsel failed to pursue an alibi defense that Arce was in Washington, D.C. the day of the killings; that trial counsel failed to object to comments made by the prosecutor during summation; that trial counsel failed to object to a jury instruction ruled unconstitutional by the Supreme Court six years later in *Sandstrom v. Montana, supra;* that trial counsel's performance during sentencing was deficient; and that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on appeal.

The state court determined that all of Arce's claims could have been raised on appeal, with the exception of the recantation claim which the court found to be untimely. Arce nonetheless contends that the procedural default rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and its progeny, is inapplicable because even if Arce defaulted under state law by failing to raise trial counsel's ineffectiveness on appeal, such a default is excused when the default results from the ineffectiveness of counsel on that appeal. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Arce did not claim ineffective assistance of trial counsel in his appeal before the Appellate Division. Nor did he claim ineffective assistance of appellate counsel before the New York Court of Appeals. Normally, under New York law, a claim of ineffective assistance of trial or appellate counsel cannot be raised on appeal because its resolution often requires evidence not contained in the record on appeal, and therefore must be presented by collateral proceeding. *See, e.g., People v. Brown,* 45 N.Y.2d 852, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978). However, the existence of an adequate record would render such claims properly reviewable on appeal before either

the Appellate Division, *see People v. Jones,* 122 A.D.2d 308, 504 N.Y.S.2d 65 (3d Dept. 1986) (trial and appellate counsel ineffectiveness), or the Court of Appeals itself. *People v. Vasquez,* 70 N.Y.2d 1, 516 N.Y. S.2d 921, 509 N.E.2d 934 (1987) (appellate counsel ineffectiveness); *People v. Bachert,* 69 N.Y.2d 593, 599, 516 N.Y.S.2d 623, 626, 509 N.E.2d 318, 321 (1987) (same); *People v. Gonzalez,* 47 N.Y.2d 606, 419 N.Y.S.2d 913, 393 N.E.2d 987 (1979) (same).

The rule of *Wainright v. Sykes, supra,* was designed to protect the integrity of state procedural rules, whether at the trial level, *see Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982), or on appeal. *Murray, supra* 477 U.S. at 489, 106 S.Ct. at 2646; *Reed v. Ross,* 468 U.S. 1, 11, 104 S.Ct. 2901, 2907–08, 82 L.Ed.2d 1 (1984). In *Harris v. Reed,* — U.S. ——, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), the Court held that the "plain statement rule" of *Michigan v. Long,* 463 U.S. 1032, 1042, 103 S.Ct. 3469, 3477, 77 L.Ed.2d 1201 (1983), applies to federal habeas corpus review. This means that federal habeas review is precluded when the "last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris,* 109 S.Ct. at 1043.

Arce's motion to vacate his conviction in the state court specifically raised not only trial counsel's ineffectiveness, but appellate counsel's ineffectiveness as well. In rejecting the claim, the court stated that "[d]efendant makes no claims here which were not, or could not have been raised on appeal.... Defendant cannot constantly relitigate his claims, and this application must be denied. CPL § 440.10(2) and (3)"[1] On this clear holding Arce's failure to raise the point constituted a procedural default under state law, and the rule of *Wainwright* applies.

Although the question of "when and how defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question," *Henry v. Mississippi,* 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965), and a state procedural rule is not "adequate" unless "strictly or regularly followed," *Barr v. City of Columbia,* 378 U.S. 146, 149, 84 S.Ct. 1734, 1736, 12 L.Ed.2d 766 (1964), we have not found a case, nor has Arce cited one, indicating that failure to raise a claim that could have been raised on appeal is not regularly the subject of a procedural default in New York.

The case of *People v. Vincent,* 67 A.D.2d 587, 416 N.Y.S.2d 307 (2d Dept.1979), *aff'd,* 50 N.Y.2d 901, 431 N.Y.S.2d 518, 409 N.E.2d 990 (1980), is factually quite similar to this case. It was held there that the failure to raise the issue of ineffective assistance of counsel on appeal is the subject of procedural default. Therefore, we cannot say that there did not exist a "fair or substantial basis" in state law for the state court's ruling. *See Lawrence v. State Tax Comm'n of Mississippi,* 286 U.S. 276, 282, 52 S.Ct. 556, 558, 76 L.Ed. 1102 (1932).

Arce claims that cause for failing to except to the charge exists because *Sandstrom* had not yet been decided at the time of his trial. The defendant was tried in 1973. *Sandstrom* was decided in 1979, two years after Arce's conviction became final.

This argument has previously been made to this court and rejected. *Dudley v. Dalsheim,* 686 F.2d 110 (2d Cir.1982); *Taylor v. Harris,* 640 F.2d 1 (2d Cir.1981).

We turn now to the recantation by Minerva Cuadro of her testimony. That testimony was given in 1973. Regardless of whether the recantation was actually dis-

---

1. New York's Criminal Procedure Law § 440.10(2)(c) (McKinney 1983) provides:
2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:

. . . . .

c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from

such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him....

covered by Arce in 1975, as the state contends, or 1976, as petitioner maintains, the state court did not hold that Arce should have raised this claim on his direct appeal, but that his failure to raise it until his Article 440 motion in 1982, at least six years after it was uncovered, rendered it untimely since it was not "newly discovered evidence." For the same reasons as stated above, we will not disturb this determination.

### Conclusion

Arce defaulted by failing to raise his claims on appeal or in a timely fashion. He has failed to show cause to excuse any default. Therefore, we are precluded from reviewing the merits of appellant's arguments. Accordingly, the order dismissing the habeas corpus petition is affirmed.