938 F.2d 380
 Larry ROLLINS, also known as Donald Beauchene, Petitioner-Appellant,
v.
Arthur A. LEONARDO, Superintendent, Comstock Correctional
Facility; Robert Abrams, Attorney General of the
State of New York, Respondents-Appellees.
 No. 1459, Docket 90-2369.
 United States Court of Appeals,
Second Circuit.
 Argued May 1, 1991.
Decided July 17, 1991.
 
 Philip S. Glickman, Rochester, N.Y., for petitioner-appellant.
 Tyrone Mark Powell, New York City (Robert Abrams, Atty. Gen. of the State of N.Y., of counsel), for respondents-appellees.
 Before OAKES, Chief Judge, WINTER, Circuit Judge, and CONBOY, District Judge.*
 PER CURIAM:
 
 
 1
 This appeal is from the denial of a petition for habeas corpus by the United States District Court for the Southern District of New York, Leonard B. Sand, Judge, reported at 733 F.Supp. 763 (S.D.N.Y.1990). The facts are stated therein. Appellant, serving a state prison term of 8 1/2 to 25 years on two counts of rape and two counts of sodomy, and 4 to 12 years on one count of assault in the first degree, claims (1) that he was denied the right to effective assistance of counsel at trial; (2) that his mental competency to stand trial should have been examined; (3) that his right to remain silent under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was violated. For the reasons below stated, we affirm the judgment of the district court.
 
 
 2
 Denial of right to effective assistance of counsel
 
 
 3
 Appellant has waived, or, rather, forfeited this claim by failing to raise it on direct appeal. Even though he has exhausted the claim by presenting it in his state coram nobis proceeding, under Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), he has failed to demonstrate the requisite "cause" and "prejudice" for his omission. Id. at 84, 97 S.Ct. at 2505; see also Forman v. Smith, 633 F.2d 634, 638-43 (2d Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981). Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), of course, held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." Id. at 263, 109 S.Ct. at 1043 (internal quotations omitted). As recently explained in Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), however, that presumption does not apply in "cases where the relevant state court decision does not fairly appear to rest primarily on federal law or to be interwoven with such law." Id. --- U.S. at ----, 111 S.Ct. at 2559. In any event, the court in the state coram nobis proceeding, as Judge Sand carefully pointed out, 733 F.Supp. at 767, "clearly and expressly" stated that its judgment rested on a state procedural bar when it concluded that the issues related to the claim of ineffective assistance were "a matter of record before the Appellate Court" that heard the direct appeal. Cf. Arce v. Smith, 889 F.2d 1271, 1273 (2d Cir.1989) (noting that a state court's holding that "[d]efendant makes no claims here which were not, or could not have been raised on appeal" was a plain statement of a "procedural default under state law").
 
 
 4
 Mental capacity to stand trial should have been examined
 
 
 5
 Appellant's second claim is that the trial court should have examined him for mental competency to stand trial under Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), and N.Y.Crim.Proc.Law Sec. 730.30 subd. 1 (McKinney 1984). He was, after all, an escapee from a Maine mental hospital at the time he had committed and was tried for his offenses. In addition, he was adjudicated mentally ill by the Maine Superior Court three months after his New York trial commenced.[1] But appellant can point to nothing in the record to indicate that the trial court should have been alerted to his mental condition so as to require an examination into his competency. Indeed, as Judge Sand fully documented, 733 F.Supp. at 768, the trial judge made findings in the coram nobis proceeding that there had been no indications to him that appellant was incompetent or lacked capacity to assist in his own defense. In fact, the trial judge's findings also included comments that appellant had taken the stand and testified that he had actually come to rescue the victim from two black men who had assaulted her and that she had unaccountably accused him, the very same story he had told to the arresting officers at the scene, over the denial of the battered victim. While one might from the ivory appellate tower eleven years after the state court verdict wonder whether sticking to such a bizarre story and taking the stand to tell it were themselves signs of mental incompetency, it seems that neither his own lawyer nor the trial judge thought so.
 
 
 6
 Right to remain silent under Miranda v. Arizona
 
 
 7
 Judge Sand's opinion more than adequately addresses appellant's Miranda claim. 733 F.Supp. at 765-67. It is reinforced, however, by a case decided this term by the Supreme Court, Arizona v. Fulminante, --- U.S. ----, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), which applied harmless error analysis to a coerced confession. Applying such analysis in a Miranda-violation context is much easier. Although the case from our circuit relied on by Judge Sand involved a McNabb-Mallory violation, United States v. Tucker, 415 F.2d 867 (2d Cir.1969), cert. denied, 397 U.S. 955, 90 S.Ct. 986, 25 L.Ed.2d 139 (1970), several cases from other circuits, cited in Fulminante at footnote 6, have applied harmless error analysis to Miranda-violation confessions, e.g., Howard v. Pung, 862 F.2d 1348, 1351 (8th Cir.1988), cert. denied, 492 U.S. 920, 109 S.Ct. 3247, 106 L.Ed.2d 593 (1989). We have no problem following them or with Judge Sand's analysis here.
 
 
 8
 Judgment affirmed.
 
 
 
 *
 The Honorable Kenneth Conboy, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 Perhaps because appellant declined, post-conviction, to let his Maine hospital records be made available to the probation department and they are not in any way part of this record, his brief takes the rather surprising position that they "were essentially irrelevant." Br. p. 21