**Mario RUSSO, Petitioner,**

v.

**Louis F. MANN, Superintendent, Shawangunk Correctional Facility, Respondent.**

No. CV 91–0622.

United States District Court, E.D. New York.

Feb. 26, 1992.

Mario Russo, pro se.

James Catterson, Suffolk County Dist. Atty. by Paul M. Hensley, Riverhead, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner, Mario Russo ("Russo"), appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Russo claims that he was deprived of his constitutional right to effective assistance of trial counsel. For the reasons set forth below, his application is dismissed.

## BACKGROUND

On March 29, 1977, Russo was convicted after a jury trial in Supreme Court, Suffolk County, of murder in the second degree, kidnapping in the first degree, and conspiracy in the first degree. On April 28, 1977, he was sentenced to two indeterminate

terms of twenty years to life on the class "A" felonies of murder and kidnapping and an indeterminate term of eight and one-third to twenty-five years on the conspiracy charge. All terms were to run concurrently.

The Appellate Division, Second Department, unanimously affirmed the conviction without opinion on January 20, 1980. *See People v. Ventimiglia,* 73 A.D.2d 1065, 423 N.Y.S.2d 975 (2d Dep't 1980). The Court of Appeals granted Russo leave to appeal and unanimously affirmed his conviction in a written opinion. *See People v. Ventimiglia,* 52 N.Y.2d 350, 438 N.Y.S.2d 261, 420 N.E.2d 59 (Ct.App.1981).

Russo then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing that: (1) the admission of certain evidence denied him his right to a fair trial and due process of law; (2) the trial court's refusal to grant him a mistrial after a co-defendant's trial was severed denied him a fair trial and due process of law; (3) the prosecutor's misconduct at trial deprived him of his rights to due process and a fair trial and violated his right against self-incrimination; (4) the trial court's instructions to the jury denied him a fair trial and due process of law; and, (5) the sentences imposed upon him were illegal and unconstitutional. In a Memorandum and Order dated March 14, 1983, Judge Pratt, sitting by designation in the district court, dismissed Russo's application on the ground that it included several unexhausted claims. (CV 81–4062).

A second petition for a writ of habeas corpus was denied on the merits. *See* Memorandum and Order of Judge Frank X. Altimari, CV 85–0931, dated February 20, 1986.[1] Russo unsuccessfully argued that he was deprived of a fair trial and due process of law because: (1) over objection, the prosecutor was permitted to introduce evidence of uncharged prior crimes, including other murders allegedly committed in the same place; and, (2) the trial court refused to grant him a mistrial after a co-defendant was removed from the case.

---

**1.** Judge Altimari was sitting by designation in      the district court.

Russo's request for a certificate of probable cause was denied by the district court on December 18, 1986. Likewise, his motion for a certificate of probable cause was denied by the Second Circuit on August 13, 1987.

Thereafter, Russo sought to vacate his conviction pursuant to § 440.10 of the New York State Criminal Procedure Law. He argued that: (1) he was deprived of his sixth amendment right to confrontation; (2) he was deprived of his right to effective assistance of trial counsel; and, (3) he had new evidence. That motion was denied in all respects. Order of Judge Thomas M. Stark, Ind. No. 845/76, dated September 27, 1989. Leave to appeal to the Appellate Division, Second Department, was denied. The current petition followed.

## DISCUSSION

Presently, Russo raises only one ground in support of his petition: that he was denied effective assistance of trial counsel. In support of this claim, Russo asserts that his attorney failed to adequately prepare for trial, did not provide him with adequate representation during trial, presented a "lackluster" defense, and "most critically failed to function independently of [a co-defendant's attorney]." Russo's Memorandum of Law In Support of Petition for Habeas Corpus at 3. Russo contends that the fact that his attorney was retained and paid by the family of that co-defendant lends credence to this argument. Moreover, Russo maintains that he did not know of the financial arrangements between his attorney and the co-defendant's family until the time when he made his § 440.10 motion and after his prior habeas petitions were decided.

Respondent proffers that Russo has known the factual basis for his claim since the time of trial and cites the trial judge's decision denying Russo's § 440.10 motion as evidence of Russo's knowledge.[2] Judge Stark stated:

The claim that [Russo] was deprived of his right to effective assistance of counsel is not borne out by the record or facts of this case. [Russo] knew *at the time of the trial* who had apparently made the financial arrangements for his attorney by his own admission so such fact is hardly new. The representation of [Russo] as reflected in the trial record was a matter which was subject to review on appeal if [Russo] had chosen to raise that issue.

Opinion of Stark, J., dated September 13, 1989, at 3 (emphasis original). Thus, respondent argues that Russo's claim of ineffective assistance of trial counsel constitutes an abuse of the writ because it was not raised in the prior petitions.[3]

It is well established that a federal court may dismiss a petition for a writ of habeas corpus if it is a "second or successive petition ... [that] fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C. § 2254 Rule 9(b); *see also* 28 U.S.C. § 2244(b); *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The Advisory Committee Notes to Rule 9 make it clear that a new claim asserted in a subsequent petition should not be entertained if the judge determines that the failure to raise it earlier is "inexcusable."

---

**2.** Russo argues that Judge Stark failed to hold an evidentiary hearing before rendering his decision on the motion. However, § 440.10(2)(c) states that the [state] court *must* deny the motion when:

[a]lthough sufficient facts appear *on the record* of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred

owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

N.Y.Crim.Pro.Law § 440.10(2)(c) (McKinney 1983) (emphasis added).

**3.** As noted, the first petition, which was filed in 1983, was dismissed without prejudice for failure to exhaust state remedies.

Advisory Committee Notes to Rule 9 at pp. 426–27.

In 1991, the Supreme Court clarified the standard for determining what constitutes abuse of the writ. After an extensive recounting of the history of the writ, the Court, in *McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), stated that "[a]buse of the writ is not confined to instances of deliberate abandonment [of a claim,]" *id.* at 1467, and adopted the *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), "cause" and "prejudice" test, previously addressed exclusively to procedural default, in cases where there has been an abuse of the writ through inexcusable neglect.[4] *McCleskey*, 111 S.Ct. at 1470. Additionally, as in cases of procedural default, a petitioner who is unsuccessful in establishing cause may nevertheless be excused if he shows that a "a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.*

■ As a threshold matter, it is to be noted that respondent bears the burden of pleading abuse of the writ with clarity and particularity. *Id.* Respondent correctly and explicitly states that Russo's writ history reveals that the claim of ineffective assistance of trial counsel was not raised in a prior petition. Thus, respondent has met this burden and the burden to disprove abuse shifts to Russo. *See id.; see also Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948). It is to be noted that a petitioner is not entitled to an evidentiary hearing if the district court determines as a matter of law that he cannot satisfy this standard. *McCleskey*, 111 S.Ct. at 1470.

■ The first element of disproving abuse of the writ requires that a petitioner demonstrate cause for his failure to raise the claim in an earlier petition. Simply put, a petitioner must show that the failure to raise the claim in a prior petition resulted

from some external, objective factor such as "interference by officials" which made filing the claim impracticable, reasonable unavailability of the legal or factual basis of the claim, or constitutionally ineffective assistance of counsel. *Id.* at 1470 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). The Supreme Court has instructed that it is a petitioner's conduct that is the focus of the doctrine of abuse of the writ. "[T]he question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 111 S.Ct. at 1472 (citation omitted).

■ Although Russo argues to the contrary, the trial judge made a specific finding that Russo "knew *at the time of trial* who had apparently made the financial arrangements for his attorney by his own admission so such fact is hardly new[,]" Opinion of Stark, J., dated September 13, 1989, at 3 (emphasis original), and, accordingly, denied that portion of Russo's § 440.10 motion on state procedural grounds. A thorough examination of the record in this case reveals no evidence that would tend to overcome the trial judge's conclusion. *See* 28 U.S.C. § 2254(d) (absent one of eight enumerated factors, state court finding of fact, if "evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct"); *see also Miller v. Fenton*, 474 U.S. 104, 105, 106 S.Ct. 445, 447, 88 L.Ed.2d 405 (1985) (state court findings of fact are to be evaluated under factors enunciated in § 2254(d) (footnote omitted)).

■ Thus, this Court determines that, as a matter of law, Russo has failed to demonstrate cause for failing to raise, in an earlier habeas petition, his claim of ineffective assistance of trial counsel.[5] That said, this

---

**4.** The *McCleskey* Court concluded from the "unity of structure and purpose in the jurisprudence of state procedural defaults and abuse of the writ that the standard for excusing a failure to raise a claim at the appropriate time should

be the same in both contexts." *McCleskey*, 111 S.Ct. at 1470.

**5.** As an additional ground for dismissal, the Court finds that, even absent abuse of the writ, Russo would be procedurally barred from as-

Court need not consider whether there has been actual prejudice to petitioner. *See McCleskey,* 111 S.Ct. at 1474. Moreover, the Court declines to exercise its discretion to entertain the petition as there is absolutely no evidence to indicate that a "fundamental miscarriage of justice" has occurred. *See id.* at 1470.

## CONCLUSION

Accordingly, Russo's petition for a writ of habeas corpus is dismissed as an abuse of the writ.

SO ORDERED.

serting his claim of ineffective assistance of trial counsel. *See Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (citation omitted); *see also Rollins v. Leonardo,* 938 F.2d 380, 381 (2d Cir.1991) (citation omitted), *cert. denied,* — U.S. —, 112 S.Ct. 944,

117 L.Ed.2d 114 (1992). Indeed, the state court stated, "The representation of [Russo] as reflected in the trial record was a matter *which was subject to review on appeal if [Russo] had chosen to raise that issue.* Opinion of Stark, J., September 13, 1989, at 3 (emphasis supplied).