**Robert MOATES, Petitioner,**

v.

**Hans WALKER, Superintendent, Auburn Correctional Facility, Defendant.**

No. CV–92–3584.

United States District Court, E.D. New York.

May 21, 1996.

hereby dismissed as defendants in this case.

Robert Moates, Riverview Correctional Facility, Ogdensburg, New York, Pro Se.

Ann Bordley, Assistant District Attorney, Brooklyn, New York, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The petitioner has moved this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that he was twice put in jeopardy for the same offense which the Fifth Amendment to the United States Constitution expressly forbids. His petition was dismissed as being an abuse of the writ in a Memorandum and Order dated September 22, 1992. The petitioner then applied to this court for a certificate of probable cause to appeal to the United States Court of Appeals for the Second Circuit. In a Memorandum and Order dated October 10, 1992 his application was denied. An application for such a certificate was then made to the Court of Appeals. That court, by order dated September 14, 1993, granted his application "for the limited purpose of vacating the order of dismissal and remanding to the district court to allow the government to respond." By Memorandum and Order dated September 21, 1993, the respondent was directed to respond and he did.

## BACKGROUND

The Memorandum and Order dated September 22, 1992 begins thus: "Petitioner is a prodigious litigator who has brought at least five successive petitions for habeas corpus relief: one in the Southern District of New York and four before this Court." A detailed account of the evolution of these proceedings will be useful in guiding the disposition of this petition.

On March 2, 1973, the petitioner and two others entered the apartment of Gwendolyn Butler, and after assaulting her boyfriend, took her to another place where the petitioner questioned her as to where he can find his estranged wife and then released her. For that event, he was indicted in Kings County and charged with burglary in the first degree; kidnaping in the second degree and assault in the second and third degrees. Upon being released on bail he attempted to induce Ms. Butler to withdraw her complaint. Being unsuccessful in that regard he arranged to have her murdered. On April 11, 1973, Ms. Butler and her apartment were doused with gasoline which was then ignited.

On April 17, 1993 Ms. Butler died from the injuries she sustained in the resulting fire.

The petitioner was indicted again and charged with two counts of murder in the second degree. The two indictments were then consolidated.

On January 15, 1975, a trial commenced and on January 24th, after a juror became ill during deliberations, the court accepted a partial verdict with the consent of the parties. The petitioner was found guilty of burglary in the second degree and unlawful imprisonment in the first degree and acquitted of the other charges in the first indictment. The jury did not reach a verdict on the murder charges as to which the court declared a mistrial because the illness of a juror prevented deliberations from continuing.

The petitioner was retried on the murder charges in March, 1975 and was found guilty of both counts of murder in the second degree. On April 16, 1975, he was sentenced to concurrent terms of twenty years to life and to lesser concurrent terms on the burglary and unlawful imprisonment convictions.

In the twenty-one years since his convictions, he has challenged them on direct appeal; in eight motions pursuant to New York Criminal Procedure Law § 440.10; in two petitions for a writ of habeas corpus filed in the state court; in one motion for a writ of error *coram nobis* and in five petitions in federal courts for a writ of habeas corpus.

The bases for his challenges to his convictions, on appeal were: (1) the trial court's defective jury charge; (2) the insufficiency of the evidence; (3) improper identification and (4) ineffective assistance of counsel. His conviction was affirmed by the Appellate Division and he was denied permission to appeal.

In 1980, proceeding *pro se*, Moates moved pursuant to N.Y.Cr.Pr.L. § 440.10 in the Supreme Court, Kings County, to vacate his conviction alleging the following errors: (1) the inability of the jury to reach a verdict on the murder charges was tantamount to an acquittal and his second trial placed him twice in jeopardy; (2) the accomplice testimony was incompetent; (3) insufficiency of the evidence; (4) improper identification procedure; (5) prosecutorial misconduct; (6) police misconduct; (7) erroneous jury instructions. His motion was denied and he was denied permission to appeal that denial.

Two years later he moved once again, pursuant to N.Y.Cr.Pr.L. § 440.10, to vacate his conviction claiming, (1) ineffective assistance of trial and appellate counsel, and (2) double jeopardy. This motion was denied as was his request for permission to appeal that denial.

In 1985, Moates moved for the third time to vacate his conviction claiming: (1) the inconsistent testimony of the witnesses denied him his right to a fair trial, and (2) pressed yet again his double jeopardy claim. Once again, this motion was denied as were his prior motions because his claims could have been but were not raised on direct appeal.

In 1988, Moates moved for the fourth time to vacate his conviction claiming: (1) that he was denied the effective assistance of appellate counsel; (2) abuse of the trial court's discretion in permitting him to be cross-examined about prior convictions; (3) the indictment was defective, and (4) the violation of his right to a speedy trial. He moved for the same relief for the fifth and sixth times on April 22, 1988 and May 13, 1988, charging an erroneous jury charge and insufficiency of the evidence. Those motions were denied as were his requests for permission to appeal.

On June 13, 1988, the petitioner sought a writ of error *coram nobis* from the Appellate Division claiming ineffective assistance of appellate counsel. That motion was denied and his request for permission to appeal was dismissed by the Court of Appeals.

On September 18, 1989, Moates moved for the seventh time to vacate his judgment of conviction, once again claiming: (1) ineffective assistance of trial and appellate counsel; (2) a defective indictment, and (3) identification procedures that were improper. That motion was denied.

On January 17, 1990, he moved for a rehearing of his seventh motion alleging: (1) prosecutorial misconduct in withholding exculpatory evidence; (2) mistaken identification; (3) insufficiency of evidence; (4) trial

court erred in discharging a juror; (5) prosecutorial misuse of peremptory challenges. That motion was denied.

On April 16, 1990, the petitioner moved the Supreme Court of Wyoming County for a writ of habeas corpus claiming prosecutorial misconduct in knowingly introducing perjured testimony and in suppressing *Rosario* and *Brady* material. The motion was denied.

On July 23, 1990, he moved for the eighth time to vacate his conviction again alleging that: (1) a juror was improperly discharged; (2) an erroneous jury charge, and (3) erroneous evidentiary rulings. This motion was denied.

On February 18, 1991 he moved the Supreme Court, Kings County for a writ of habeas corpus claiming (1) wrongful bolstering of identification testimony; (2) withheld *Rosario* and *Brady* material; (3) erroneous jury charge; (4) defective indictment and other frivolous assertions. That application was denied.

The mere recital of the litigation spawned by this criminal bespeaks, I respectfully suggest, an egregious abuse of our judicial system. How many times must a convicted defendant be permitted to relitigate the same issues? At what point, if ever, is finality of litigation reached? And the incredible tolerance of this person's litigious propensities has only just begun to be tested. Now comes his assault upon the federal judiciary.

On November 22, 1982 a petition was filed pursuant to 28 U.S.C. § 2254 in the Southern District in which the petitioner alleged ineffective assistance of trial and appellate counsel and insufficiency of evidence to prove his guilt. In an opinion and order dated February 21, 1985, Judge Haight rejected each of his claims on the merits and denied his petition.

On March 10, 1986, he again moved for relief pursuant to 28 U.S.C. § 2254, raising the following claims: (1) The failure of the prosecution to instruct the grand jury on affirmative defenses; (2) insufficiency of the indictment; (3) speedy trial violation; (4) failure to suppress his post-arrest statement; (5) prior criminal record wrongfully admitted

to impeach; (6) excessiveness of sentence. In a memorandum and order dated February 24, 1988, this court dismissed his application on the ground that he failed to exhaust his state remedies.

In 1989 he moved again for the same relief and by order dated May 31, 1989 this court returned his petition because it was incomprehensible and instructed him to clarify it. He refiled his application and by order dated June 29, 1989 this court dismissed his application as an abuse of the writ.

In 1990, he moved for the fourth time for the same relief. On June 15, 1990 this court once again dismissed the petition as an abuse of the writ.

On March 2, 1993, Moates applied for the fifth time for the same relief, claiming, for the first time, that he was acquitted by the jury of the murder counts at his first trial and therefore, his second trial on those counts impermissibly put him in jeopardy twice for the same offenses. In a memorandum and order dated September 22, 1992, this court once again dismissed his petition as an abuse of the writ.

As was indicated at the outset, this petition is before the court again because it was remanded here by the Court of Appeals to "allow the government to respond" for the sixteenth time to his post-conviction claims for relief, many of which were repetitive.

■ This petition is, once again, dismissed as an abuse of the writ. He has raised the double jeopardy issue at least twice in the state courts reflecting his awareness of it and could have raised that issue in any or all of his four earlier petitions here. That he has abused the writ and the processes of this and the state courts should be convincingly established by the mere recitation of the litigation he has brought following his conviction. The citation of *McCleskey v. Zant*, 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) to support that conclusion is surely superfluous.

■ In addition to being an abuse of the writ, the petition must be denied because his double jeopardy claim is procedurally barred; is without merit; and advanced upon peti-

tioner's assertions which are flagrantly false and known by him to be false.

The double jeopardy claim was not raised by him in his direct appeal from his conviction. *See* Respondent's Exhibit M. The petitioner claimed he was twice put in jeopardy in his first three motions brought pursuant to § 440.10, N.Y.Cr.Pr.L. *See* Respondent's Exhibits D, E and F. The highest court of the state was thus not afforded the opportunity to pass on that claim. Were he to attempt to litigate that claim again pursuant to § 440.10, N.Y.Cr.Pr.L., state law would mandate its dismissal for the reason that it could have been raised on direct appeal but was not. N.Y.Cr.Pr.L., § 440.10(2)(c). *See* Respondent's Exhibits G, H, I (the Supreme Court, Kings County explicitly rejected those claims in his first three motions on the ground that they should have been raised on direct appeal); *see also Arce v. Smith,* 889 F.2d 1271, 1273 (2d Cir.1989), *cert. denied,* 495 U.S. 937, 110 S.Ct. 2185, 109 L.Ed.2d 513 (1990); *Grey v. Hoke,* 933 F.2d 117, 119–21 (2d Cir.1991).

Particularly egregious, however, is his blatantly false assertion that he was acquitted of the murder charges at his first trial. The official records of the state courts, in addition to the petitioner's own understanding of the declaration of a mistrial at the end of his first trial as reflected in his prior motions in the state courts, establish beyond a doubt that the jury in the first trial was unable to reach a verdict on the murder counts. Respondent's Exhibits D, E, J, K, L, M.

The court reaffirms its decision of September 22, 1992 that the petitioner has abused the writ and its decision of October 10, 1992 denying his request for a certificate of probable cause.

SO ORDERED.