10-2591-cr
U.S.A. v. Akapo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:   AMALYA L. KEARSE,
           ROGER J. MINER,
           DENNY CHIN,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
      <u>Appellee</u>,

      -v.-                          10-2591-cr

TEMILOLA AKAPO,
      <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     DARRELL B. FIELDS, New York, New York.

FOR APPELLEE:     CHRISTOPHER C. CAFFARONE, Assistant United States Attorney (David C. James, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.) entered on June 29, 2010, following a jury verdict convicting defendant-appellant Temilola Akapo of possession of counterfeit checks, in violation of 18 U.S.C. § 513(a).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

In March 2008, officials of United States Immigration and Customs Enforcement ("ICE") learned that a package of counterfeit checks was addressed to Akapo at his home. On April 10, 2008, ICE agents went to Akapo's apartment and spoke to him. He made incriminating statements, admitting his involvement in a counterfeit check scheme. He was arrested, given Miranda warnings, and made further incriminating statements. In Akapo's apartment, the agents found counterfeit checks and electronic devices that contained templates of counterfeit checks.

Prior to trial, Akapo moved to suppress his pre-arrest statements as well as the physical evidence seized from his apartment. The district court denied the motion.

Following a two-day jury trial in June 2009, Akapo was convicted of possessing counterfeit checks. The district court sentenced him principally to six months' imprisonment and six months' home detention.

Akapo's only contention on appeal is that his pre-arrest statements should have been suppressed on the theory that he was "in custody" at the time of his statements and had not been read his Miranda warnings.  We review the district court's factual findings for clear error and its legal conclusions de novo.  United States v. Irving, 452 F.3d 110, 123 (2d Cir. 2006).

The warning requirements of Miranda apply only to "'custodial interrogation.'"  United States v. Newton, 369 F.3d 659, 669 (2d Cir. 2004) (quoting Miranda v. Arizona, 384 U.S. 436, 444 (1966)), cert. denied, 543 U.S. 947 (2004).  The test for determining whether an individual is in custody is an objective one that asks (1) "what were the circumstances surrounding the interrogation," United States v. Badmus, 325 F.3d 133, 138 (2d Cir. 2003)(internal quotation marks omitted); (2) "would a reasonable person [in those circumstances] have felt he or she was not at liberty to terminate the interrogation and leave," id.; and (3) if not, "whether [the defendant's] freedom of action ha[d] been curtailed to a degree associated with [a] formal arrest," Newton, 369 F.3d at 671 (internal quotation marks omitted).  Absent a formal arrest, "interrogation in the familiar surroundings of one's own home is generally not deemed custodial."  Id. at 675.

As the district court found, the interview occurred just outside of Akapo's apartment, he was not handcuffed or frisked, he consented to a search of his apartment, he never indicated that he wanted to leave, and was not told that he could

-3-

not leave. Although two of the agents asked Akapo to stand near the doorway while three other agents searched the apartment, this was a reasonable request given the small size of his apartment, and on balance did not result in a custodial situation. See Badmus, 325 F.3d at 138-39 (finding no custody where agents asked defendant and his wife to stay seated in the living room during the search of their apartment and did not allow free movement about the apartment). On these findings, which Akapo has given us no reason to disturb, the district court properly denied Akapo's motion to suppress.

Even assuming, without deciding, that it was error to admit Akapo's pre-arrest statements because he was "in custody" for Miranda purposes, the error was harmless. These statements merely were duplicative of the admissions he made in a post-arrest, post-Miranda-warnings interview, which were plainly admissible. See Rollins v. Leonardo, 938 F.2d 380, 382 (2d Cir. 1991)(per curiam)(concluding that error was harmless where defendant's un-Mirandized confession was cumulative of subsequent confession and other evidence of guilt).

**CONCLUSION**

We have considered all of Akapo's other contentions on appeal and have found them to be without merit. For all the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK